(No. 24676.—

THE MORRIS METAL PRODUCTS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROBERT NORMAN, Defendant in Error.)

*Opinion filed December 15, 1938—Rehearing denied Feb. 9, 1939.*

ORR, J., dissenting.

HENRY KNELLER, and THOMAS P. SINNETT, for plaintiff in error.

ABE J. COHN, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Robert Norman had been a molder for about nine years. He started to work for plaintiff in error, the Morris Metal Products Company, in August, 1935. The Occupational Diseases act was enacted March 16, 1936, and went into effect October 1, 1936. Norman was working for plaintiff in error on October 1, 1936, and was discharged on November 30, 1936. During the interval from October 1 to November 30, Norman worked six days a week. He also worked three Sundays but did not work on Thanksgiving day. Out of the sixty-one days Norman worked fifty-four days. He filed his claim for compensation under the Occupational Diseases act, claiming disability from silicosis. The objection was made that he had not been exposed to the hazard sixty working days and this claim was sustained by the arbitrator and commission but reversed by the circuit court of Cook county.

It is conceded by both plaintiff in error and defendant in error that the only question for determination in this case is whether the proviso of section 25 of said act requires an exposure of sixty separate working days to justify a recovery by Robert Norman.

The Occupational Diseases act (Ill. Rev. Stat. 1937, chap. 48, pars. 172.1-172.35) defines occupational disease as "a disease arising out of and in the course of employment. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where the said diseases follow as an incident of the occupational disease as defined in this section," etc. Section 25 of the act defines the exposure which brings any employee within the provisions of the act; provides, in all cases, that the last employer is the one liable, and defines the conditions under which an employer is the last employer in ordinary cases, and in the two situations where silicosis or asbestosis is the cause of the disability. That section provides:

"An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time however short, he is employed in an occupation or process in which the hazard of the disease exists.

"The employer liable for the compensation in this act provided shall be the employer in whose employment the employee was last exposed to the hazards of the occupational disease claimed upon, regardless of the length of time of such last exposure, provided, that in cases of silicosis or asbestosis, the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of sixty (60) days or more after the effective date of this act, to the hazard of such occupational disease, and, in such cases, an exposure during a period of less than sixty (60) days, after the effective date of this act, shall not be deemed a last exposure," etc.

Section 34 refers to exposure as being defined by the act and provides: "No repeal of any act or part thereof herein contained shall extinguish or in any way affect any right of action thereunder, existing at the time this act takes effect; and no employer shall be liable for compensation or damages under this act in any case in which the disablement on which claim is predicated, shall have occurred prior to the date this act becomes effective; provided that nothing in this section shall affect any case in which *exposure as defined in this act shall have taken place after the effective date of this act.*"

The word "exposure" is referred to in several other sections of the act. Section 4 provides: "Such election, when effective, shall apply to all cases in which *the last day of the last exposure* as defined in. this act to the hazards of the occupational disease claimed upon shall have occurred on or after the effective date of such election," etc. In section 5, defining terms, we find the following: "No compensation shall be payable for or on account of any

occupational disease unless disablement, as herein defined, occurred within one (1) year after *the last day of the last exposure* to the hazards of the disease, except in cases of occupational disease caused by the inhalation of silicate dust or asbestos dust and, in such cases, within three (3) years after the last day of the last exposure to the hazards of such disease." The same words "the last day of the last exposure" occur in other sections of the act, and are, therefore, deliberately used to manifest the intention of the act.

It is evident the legislature enacted a law which, for all occupational diseases except silicosis and asbestosis, went into effect October 1, 1936, but as to the latter diseases could, in no event, be effective until sixty days after October 1, 1936. The law was also designed so as to provide which employer is liable to pay compensation to employees affected with silicosis or asbestosis, where there had been more than one employer, as defined in silicosis or asbestosis cases, after the effective date of the act. The act made any employer liable in case the employee had been exposed. A special provision was made in cases of silicosis and asbestosis because of the well-known fact that they are both progressive diseases. The act also provided that the only employer liable to pay compensation to the employee, arising from any occupational disease, was the "last employer," regardless of the fact the employee might have been exposed in previous employments, in which he might have contracted an occupational disease, including silicosis or asbestosis. Over six months intervened between the enactment of the act and its effective date, and since only the last employer was the one liable, it was necessary to define "last employer" as it was likewise necessary to define "exposure," not only as it related to ordinary occupational diseases, but to silicosis and asbestosis. Under the statute, for ordinary occupational diseases, "last employer" meant the last employer where the employee was last exposed to the hazards of the occupational disease *regardless of the length of time*. For silicosis

and asbestosis the last employer was defined as, "the last employer in whose employment the employee was last exposed during a period of sixty (60) days or more  *  *  * to the hazard of such occupational disease."

It will be noted the proviso is first dealing with "last employer" as the subject matter of the sixty-day period. The scheme of the legislature with respect to occupational diseases becomes apparent. A six-months' interval elapsed between the passage of the act and its effective date. After its effective date, for the ordinary occupational diseases, employment for any period of time, however short, made the employer the "last employer," but, in cases of silicosis and asbestosis, employment for sixty days or more, after October 1, 1936, made such employer the last employer, and he could not be the last employer unless the employee had been exposed to the hazards of silicosis or asbestosis "during a period of sixty days." In the first part of the proviso, therefore, the legislature was laying down a rule by which the last employer, in such cases, could be ascertained and determined.

Exposure to occupational disease is also defined in section 25 with great preciseness as follows: "An employee shall be conclusively deemed to have been exposed  *  *  * when for any length of time however short, he is employed in an occupation or process in which the hazard of the disease exists." The definition of "exposure," as thus laid down, is not limited by the proviso, but what is limited is the definition of "last employment," which is made to depend upon exposure during a period of sixty days or more. Therefore, if "exposure" to silicosis or asbestosis, as first defined, occurs during "a period of sixty days or more," the employer in such case becomes the last employer.

Nowhere in the act is exposure referred to as a continuous condition applying to an employee, but refers to a condition or state of facts rendering the employer liable. This is manifest by section 34 when it refers to "exposure" as

"defined by the act," and by sections 3 and 4, when reference is made to the "last day of the last exposure." "Exposure" always being used in the singular indicates it means, in each instance, one circumstance, viz., "subjected to a hazard for a time however short," but, in case of silicosis or asbestosis, there must be a period of sixty-days' employment, wherein he may be subjected to a hazard for a time, however short.

In all occupational diseases, regardless of kind, the "exposure," as meant by the act, is created or brought about by the same thing, but "last employer," the one made liable for compensation under the act, is not. To bring one within the term "last employer," in cases of silicosis and asbestosis, requires that the "exposure" be the last exposure during a period of sixty days, or more. When an employee is exposed on October 1 he becomes exposed during a period of sixty days on November 29, and such employer, under the act, becomes the last employer, as he qualifies by having an employee who was "last exposed" during a period of sixty days. This is the minimum requirement, as he may be last exposed during a period of more than sixty days. If, after such period of sixty days, or more, the employee enters another employment, the first employer remains liable until the employee has been exposed, as defined by the act, during a period of sixty days with the second employer, when the latter, under the statute, becomes "the last employer."

Viewed in this manner it becomes clear the legislature intended the sixty-days' period during which employment existed, to be used in determining who was the "last employer," as well as the time during which "exposure," as defined by the first part of the act, must occur, in cases where the disease involved was silicosis or asbestosis. To simplify the matter, the first sentence of section 25 defines "exposure," and the second sentence of section 25 defines "last employer." This construction gives all provisions of the act, in which the terms "exposure" or "last employer"

are used, effect, and is consistent with the general scheme of the statute.

Since it is conceded that Norman was employed by plaintiff in error on October 1, 1936, he was, by virtue of the conclusive presumption set forth in the first sentence of section 25, exposed to the hazards of the occupation. Sixty days' employment intervened between that date and November 30, when he was discharged, whereby the plaintiff in error became the last employer under the conditions required by the second sentence of said section 25.

The language of the latter part of the second sentence, "during a period of sixty (60) days or more" obviously has reference to a period of sixty days in which the employee was exposed, and if an "exposure" means being subjected to a hazard for a period of time, however short, such word can have no other meaning than that the employment be one for sixty days, as a single period in the ordinary sense of the term, and not that he be subjected to sixty exposures as defined by the first sentence of section 25. Examination of the definitions of the words "during" and "exposure" gives little aid, as such words have different meanings when used with respect to different subjects. The whole act must be examined to ascertain the legislative intent, and it appears clear that the words used in the proviso of section 25 were not intended to create a period of sixty working days as an exposure in cases of silicosis and asbestosis, but were so used for the purpose of ascertaining who was the "last employer" and the one liable under the provisions of the act.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. Justice Orr, dissenting.