(No. 25464.—

THE CENTRAL PATTERN AND FOUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (STEVE SALAHUB, Defendant in Error.)

*Opinion filed October 11, 1940.*

ANGERSTEIN & ANGERSTEIN, (CHARLES WOLFF, and MARION J. HANNIGAN, of counsel,) for plaintiff in error.

J. S. COOK, (WALTER F. DODD, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Steve Salahub is a brass moulder and was employed in the foundry of plaintiff in error about seven years. He filed a claim for compensation under the Workmen's Occupational Diseases act on account of disablement from advanced silicosis. The award of the arbitrator for permanent total disability was sustained by the Industrial Commission and confirmed by the circuit court of Cook county on *certiorari*. The cause is here on writ of error for further review.

It is not contended Salahub's ailment did not arise out of and in the course of his employment or that he is not permanently and totally disabled. The claim for compensation alleges the approximate date of the last exposure as November 30, 1936. The effective date of the act was October 1, 1936. Section 25 of the Workmen's Occupational Diseases act (Ill. Rev. Stat. 1939, chap. 48, par.

172.25) fixes liability in the cases of silicosis or asbestosis, on the last employer in whose employment the employee was last exposed during a period of sixty days or more after the effective date of the act, to the hazard of such occupational disease, and provides that in such cases, an exposure during a period of less than sixty days after the effective date of the act, shall not be deemed a last exposure. The employer claims Salahub was discharged on Friday, November 27, 1936, and, therefore, was not employed for a period of sixty days after the effective date of the act.

Salahub contracted silicosis before the act went into effect. Section 23 provides that any employee, who had contracted silicosis or asbestosis prior to the effective date of the act, but not disabled therefrom, might, within sixty days after the act took effect, file with the Industrial Commission a waiver of full compensation, and, upon approval of the waiver, would thereafter be entitled to fifty per cent of such compensation. The record shows that at quitting time on Friday, November 27, the superintendent gave to Salahub such a waiver and directed him to go to the Industrial Commission the next day and sign it, which Salahub did, but performed no work on that day. He came to work on the following Monday, November 30, changed his clothes, took out his tools, went to his bench and asked the foreman if he should continue the same job he was on Friday. The foreman, and later the superintendent, told him he could not go to work. On Salahub's direct examination, he was not asked about any conversation with the superintendent when the waiver was given him. On cross-examination, he testified the superintendent told him if he signed the paper maybe he would give him his job back. On redirect examination he said the superintendent told him that if he signed it he would keep him on the job, and said nothing about discharging him. He is illiterate and speaks English brokenly. The superintendent testified he told Salahub on Friday that he was discharged, and that signing the waiver might help

him in future employment. After detailing his version of the conversation, and stating he told Salahub to go to the Industrial Commission, he testified the envelope he gave him did not contain a waiver and then said he did not know what it contained. Salahub's time card was still in the machine for recording entrance and departure of employees when he came to work on Monday morning and he punched the time of his entrance. We have long been committed to the doctrine that we will not disturb the finding of the Industrial Commission on a finding of fact unless it is against the manifest weight of the evidence. (*Cuneo Press, Inc.* v. *Industrial Com.* 361 Ill. 172.) Sending Salahub to the Industrial Commission with the waiver and leaving his time card in the machine until November 30 tend to show he was not discharged on November 27. The award of the arbitrator and the Industrial Commission shows they found Salahub was not discharged until November 30 and we cannot say the finding is against the manifest weight of the evidence. Salahub was in the employ of plaintiff in error on October 1, 1936. He was exposed to the hazard of his employment during the period of sixty days after the effective date of the act. This brought him within the terms of section 25, and it was not necessary to show he was exposed every day during the sixty-day period. (*Morris Metal Products Co.* v. *Industrial Com.* 370 Ill. 292.) It is not material whether he was discharged before or after 7:30 A. M., the time for starting to work. The day began at midnight. Excluding October 1, he was in the employ of plaintiff in error sixty days when he was discharged. *Morris Metal Products* v. *Industrial Com. supra.*

The claim that the act is elective and that no showing was made that the employer elected to come within its terms is made for the first time in this court. At the hearing before the arbitrator counsel for the employer challenged the jurisdiction of the Industrial Commission and the arbitrator on the ground that the case was "not subject or amenable

to the provisions of the Workmen's Occupational Diseases act or any such act concerning the arbitrator or any one of the commission to conduct the hearing or bind any parties. More specifically the reason why there can be no jurisdiction in this case is because there was no exposure * * * during a period of sixty days or more subsequent to October 1, 1936." The petition for review alleged the arbitrator was without jurisdiction to make the award. On *certiorari* the constitutionality of section 25 was challenged, but no question as to election by the employer was raised. As a general rule, the question of the jurisdiction of the subject matter in controversy may be raised on appeal even when not raised in the court below. (*People* v. *Psi Upsilon Fraternity*, 320 Ill. 326.) However, where the subject matter of the litigation is within the general jurisdiction of the trial court, the claim of a want of jurisdiction by reason of the existence of exceptional or special circumstances cannot ordinarily be made for the first time on appeal or review. (4 C. J. S. (Appeal and Error) p. 507; 3 Am. Jur. (Appeal and Error) sec. 305; *Decker* v. *Stansberry*, 249 Ill. 487.) That situation obtains here. The hearings before the arbitrator and the Industrial Commission and in the circuit court were conducted as if the employer had elected to come within the terms of the act. The particular jurisdictional question of fact tried was whether Salahub was last exposed during a period of sixty days after the effective date of the act. Parties may not shift their ground on review. (*Hayward Co.* v. *Lundoff-Bicknell Co.* 365 Ill. 537; *Lewy* v. *Standard Plunger Elevator Co.* 296 id. 295; *Bittner* v. *Field*, 354 id. 215.) Judicial proceedings will not be conducted piecemeal. The objection comes too late in this court. Salahub filed a motion here for leave to supply proof of the employer's election to come under the act. In the state of the record it was not necessary to make such proof and we denied the motion. Therefore, the cause will be considered as if formal proof of election had been made.

Since the petition for a writ of error herein was allowed, the claim that section 25 is unconstitutional has been settled by this court in *Liberty Foundries Co.* v. *Industrial Com.* 373 Ill. 146, adversely to that contention. Plaintiff in error, referring to that holding, nevertheless insists that there is no liability in this cause because disability from silicosis could not possibly develop between October 1 and November 30, and points out that the evidence does not show the disease was contracted between those dates. The argument loses sight of the fact that section 25 does not contemplate the disease must be contracted during the period of sixty days or more after the effective date of the act. Under section 6, the disease must have had its origin in or be proximately caused by the employment, but there is no requirement, either in that section or anywhere else in the act, that it must be contracted within a period of sixty days or more after the effective date of the act. It is not true that disability could not develop in that period from the disease previously contracted. There is a difference between having a disease and being disabled thereby. Under section 34 there is no liability on the employer in cases where the disablement occurred prior to the effective date of the act. That circumstance does not apply here. The contention of no liability cannot be upheld. Moreover, we held in the *Liberty Foundries Co. case* that the due process clause of the constitution is waived by electing to come within the compensation provisions of the law. Plaintiff in error stands in that position in this case. There is no virtue in the claim that the provisions of section 25 are not in harmony with the title of the act, nor is that claim properly presented. It is made here for the first time. All other grounds urged as to the unconstitutionality of section 25 are disposed of in the *Liberty Foundries Co. case, supra.*

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*