HIRST *v.* CHEVROLET MUNCIE DIVISION OF GENERAL MOTORS CORPORATION.

[No. 16,671. Filed May 6, 1941. Rehearing denied October 23, 1941. Transfer dismissed November 21, 1941. Petition to retax costs denied December 1, 1941.]

*Archie Lapin,* of Muncie, for appellant.

*Fred Davis* and *Joseph H. Davis,* of Muncie, amicus curiae.

*Sidney S. Miller* and *Harold H. Bredell,* both of Indianapolis (*William A. McClellan,* of Muncie, of counsel), for appellee.

BLESSING, J.—Appellant, Doyle J. Hirst, filed his application for compensation against the appellee, Chevrolet Muncie Division of General Motors Corporation, under the Indiana Workmen's Occupational Diseases Act (Acts 1937, ch. 69, p. 334), alleging that he is and was affected with the disease of bronchiectasis affecting his bronchial tubes and both lungs, due to fumes and dust inhaled in the course of his employment, resulting in total permanent disability.

The application was heard by a member of the board who made a finding and award that plaintiff take nothing by his complaint. There was an application for review by the full board. Upon the hearing the full

board made a finding and award denying compensation, from which award this appeal is taken. The appellant assigns as error that the final order and award of the full board is contrary to law.

The full board, after finding that in May of 1937, while in the employ of the defendant at an average weekly wage of thirty dollars, plaintiff became temporarily totally disabled and was disabled for a period of approximately two weeks; that plaintiff returned to his employment and worked intermittently to April, 1939, since which time plaintiff has been incapacitated; and that on September 13, 1938, plaintiff filed his application for the adjustment of a claim for compensation under the Indiana Workmen's Occupational Diseases Act, concluded its finding as follows: "And the Full Industrial, by a majority of its members, now finds for the defendant on plaintiff's application, that plaintiff's disability is not directly or indirectly the result of any occupational disease arising out of and in the course of his employment with the defendant."

Appellant Hirst went to work for appellee's factory in Muncie in November of 1936. He was placed in the "heat treat department," where he stayed until July of 1937, when, upon the request of a doctor, he was transferred to another department. In May of 1937, he had lost some work because of coughing and an irritated throat and nose. He was sent back to the heat treat department in November of 1937, but, after having lost more work due to illness, and upon the doctor's request, he was again transferred to a different department in December of 1937. He worked in the heat treat department for the last time in May, 1938. He then went to Arkansas for his health. He worked in the factory for a short time in the early part of 1939, but has been unable to work since then. The

doctors who testified are all agreed that appellant is suffering from a bronchial trouble known as bronchiectasis. Appellant contends that this condition was due to the fumes and dust in the heat treat department, but the Industrial Board made a finding that this condition did not arise out of and in the course of his employment with the appellee.

In addition to the briefs in this cause, the court heard oral argument. It is the contention of appellant that the evidence submitted to the Industrial Board establishes that appellant is suffering from bronchiectasis, and that said disease was caused by fumes, gases and dust which appellant breathed while working in the heat treat department of the defendant during the time of his employment, and that there is no evidence in the record to sustain the contrary finding of the board. It is appellee's contention that the disease of bronchiectasis from which appellant is suffering and which incapacitated him for work was and is an aftermath of influenza from which appellee claims the appellant suffered some time during the year of 1936.

This court has carefully reviewed the evidence in the case and the record discloses substantial proof of appellant's · cause of action, and that bronchiectasis, the disease from which appellant is suffering, arose out of and in the course of his employment by the defendant. There is no conflict in the evidence which will deny appellant the right of recovery unless the condition of bronchiectasis followed and was caused by an attack of influenza in 1936. The evidence with respect to this point discloses that the appellant was examined by one Doctor Barrier of Little Rock, Arkansas, in the month of June, 1938. During the examination the doctor obtained a history of the case and according to his evidence, appellant stated

that he had had an attack of the "flu." The doctor did not make a record of the date when appellant suffered an attack of influenza, but according to his memory said that appellant referred to a "recent" attack. The doctor also testified that influenza is a common cause of bronchiectasis and from the history of the case concluded that the appellant was suffering from bronchiectasis due to the "flu." Appellant denied having made any reference to the flu in his statement to the doctor and there was no medical or scientific proof that the appellant had suffered from this disease recently prior to the examination or at any other period. The medical testimony offered by a number of physicians was in accord to the effect that laymen frequently spoke of having the "flu" when they have something else such as ordinary colds, and that the onset of bronchiectasis had comparable symptoms to that of influenza. Assuming that the appellant told the doctor that he had had an attack of "flu," it would only be the statement of a layman, and, without medical or scientific proof, would not constitute an admission of any probative value. In consequence thereof, any medical opinion based upon the assumption of the existence of the disease of influenza would be conjectural and speculative. Conjectural and speculative opinions are nothing more than the assertion of possibilities and therefore do not furnish any substantial evidence. Under these circumstances the contention of the appellee is wanting in merit, and the claim of appellant that the award of the board is contrary to law must be sustained. *Loucks* v. *Diamond Chain & Mfg. Co.* (1941), 218 Ind. 244, 32 N. E. (2d) 308.

It is not to be understood from this opinion that this court will weigh the evidence where there is a substantial conflict; and, as often has been said, we will

not disturb the conclusion of a fact finding body where there is some evidence to support the finding. However, the phrase "some evidence" means evidence having probative value.

The appellee also contends that the appellant in this cause does not come within the purview of the Workmen's Occupational Diseases Act (Acts 1937, ch. 69, p. 334), and that the Industrial Board has no jurisdiction thereof because the disease from which appellant is suffering was contracted prior to the effective date of the act. While there is nothing in the award of the Industrial Board to indicate that this contention had anything to do with the finding and award of the board, since this award must be reversed for reasons hereinbefore stated, it may be said for the guidance of the Industrial Board that the act provides for compensation for disabilities from occupational diseases and not for contracting such diseases. The term "disablement" is defined in the act as follows:

"The term 'disablement' means the event of becoming disabled from earning full wages at the work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment, and 'disability' means the state of being so incapacitated."

(Subsection [d] of Section 5.)

"There is a difference between having a disease and being disabled thereby." *Central Foundry Co.* v. *Industrial Com.* (1940), 374 Ill. 300, 29 N. E. (2d) 511, 514. Since the act provides for compensation for disablement and since the appellant did not become disabled within the meaning of the act until almost a year after the effective date thereof, he clearly comes within the

purview of the act and the Industrial Board has jurisdiction of this cause.

Award reversed and cause ordered remanded to the Industrial Board for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 33 N. E. (2d) 773.

### ON PETITION FOR REHEARING.

BLESSING, C. J.—To the petition and briefs for rehearing in this cause this court has given careful consideration and finds no reason for changing the conclusion arrived at in the original opinion.

However, we think it should be said that our original opinion is not to be accepted as holding that bronchiectasis is an occupational disease. This question was not presented and upon this point we express no opinion.

Petition for rehearing denied.

NOTE.—Reported in 37 N. E. (2d) 3.