(No. 35197.—<span></span>)

STEPHEN ORLANDINI, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BLAKE MONUMENT COMPANY, Plaintiff in Error.)

*Opinion filed September 24, 1959.*

JAMES A. SULLIVAN, FRANCIS M. DISCIPIO, and FRANK GAUGHAN, all of Chicago, for plaintiff in error.

CHARLES WOLFF, of Chicago, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Stephen Orlandini, a stone cutter, herein called petitioner, applied for compensation under the Workmen's Occupational Diseases Act, claiming disability from silicosis. The proceedings were brought against a former employer, the Blake Monument Company, herein called respondent. The Industrial Commission denied compensation on the ground that respondent was not the last employer, within the meaning of the act. On *certiorari* the circuit court of Cook County reversed the decision and ordered compensation for total and permanent disability. We have allowed a writ of error to review the judgment.

The facts are not in dispute. The petitioner was employed by respondent from August, 1953, to August 10, 1954, when the employment terminated because of lack of work. From August, 1954, to August, 1955, he was employed by the Bevel Granite Company doing the same kind of work. In May or June of 1955 he began to notice symptoms of disorder, later diagnosed as silico tuberculosis, which became progressively worse until he was obliged to stop work the following August. After becoming disabled he filed a common-law action for damages against the Bevel Granite Company, which had not elected to come under the act. The suit was settled for $13,500. The question presented here is whether he is also entitled to the statutory compensation from respondent, a former employer, under the provisions of the Occupational Diseases Act.

It is evident that under the scheme of the legislature with respect to occupational diseases the respondent is not liable to pay compensation for the disability in question. Section 2 provides that any employer may elect to provide and pay compensation according to the provisions of the act, for disability resulting from occupational diseases; and section 3 provides that every employer not electing to do so shall be liable in damages where the disease is proximately caused by his negligence. (Ill. Rev. Stat. 1953, chap. 48, pars. 172.37 and 172.38.) Subparagraph (d) of section 1 contains the provision which governs the issue in this case. It states in part as follows: "The employer liable for the compensation in this Act provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure, except, in cases of silicosis or asbestosis, the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of sixty (60) days or more after the effective date of this Act, to the hazard of

such occupational disease." Ill. Rev. Stat. 1953, chap. 48, par. 172.36.

It is not denied that petitioner was last exposed to the hazard of silicosis while in the employment of the Bevel Granite Company, that such exposure lasted for more than sixty days, and that if that company had elected to provide compensation under the act there would be no claim against the present respondent. It is argued, however, that in determining who is the "last employer," within the meaning of the act, only those who are subject to its compensation provisions should be counted; that nonelecting employers are not within the purport of the term "employer," as used in section 1; and that since respondent was the last *electing* employer meeting the prescribed conditions it is liable for compensation.

We cannot accept the argument. The applicable language is plain and unambiguous. It says, as to silicosis cases, that "the only employer liable shall be the last employer in whose employment the employee was last exposed during a period of sixty (60) days or more after the effective date of this Act, to the hazard of such occupational disease." In *Morris Metal Products Co.* v. *Industrial Com.* 370 Ill. 292, we pointed out that "If after such period of sixty days, or more, the employee enters another employment, the first employer remains liable until the employee has been exposed, as defined by the act, during a period of sixty days with the second employer, when the latter, under the statute, becomes 'the last employer.'" It is clear that the Bevel Granite Company was the last employer in this case, and the fact that it had not elected to come under the compensation provisions of the act is irrelevant in determining where the employee was last exposed as prescribed by the act. We cannot speculate about what the legislature would probably have said had it dealt explicitly with the type of situation presented here. We must take the statute as we find it, and since

respondent was not the last employer it is not liable for compensation.

It is unnecessary to consider contentions that petitioner has already been compensated, in damages, for the injury sustained; that his disablement did not result from exposure in respondent's employment, and other arguments advanced on its behalf. For the reason discussed the circuit court erred in ordering compensation. Its judgment is therefore reversed.

*Judgment reversed.*