399 P.2d 208

**STATE INSURANCE FUND, Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION of Utah, James F. Taylor and United Park City Mines, Defendants.**

No. 10219.

Supreme Court of Utah.

Feb. 24, 1965.

Charles Welch, Jr., Salt Lake City, for plaintiff.

Clyde, Mecham & Pratt, Brayton, Lowe & Hurley, Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

HENRIOD, Chief Justice.

Review of a Commission award for permanent disability, the result of silicosis. Affirmed.

Applicant Taylor was a hard-rock miner. He worked underground for the same employer from 1925 until about 1940, and then on the surface until February 8, 1962,[1] save for intermittent layoffs on account of strike, illness, or reduction in force.

■ The competent believable evidence amply supports a finding that during this entire time, except for the interruptions mentioned above, he was exposed to silicon dioxide dust, both underground, in buildings and otherwise on the surface. The contention of the Fund and the mining company to the contrary cannot be affirmed, under traditional rules of appellate review.

During the entire period his employer was self-insured, except from December 1, 1961, when the Insurance Fund took over.

In June, 1961, he had been laid off but was recalled by the same employer for seven days until February 8, 1962. He performed the same type of work, was subject to the same harmful dust exposure, worked the same hours and earned the same wage as before.

In June, 1962, he filed a claim with the Commission for benefits on account of *permanent total disability,*—not partial disability. After hearings conducted and based on testimony and a statutory medical panel report, Taylor was adjudged to be permanently disabled and in June, 1964, the Commission ordered the Insurance Fund to pay Taylor benefits to which he was entitled for silicotic permanent disablement, from June 9, 1962, which order is the subject of the review.

The Fund and the mining company urge that since Taylor had been advised by doctors many years before that he had silicosis, and that he knew this fact, his claim for any compensation long since had been barred forever by failure to file his claim within the limitations period for partial disability claims.[2] There are several answers:

■ 1. Taylor was not "partially permanently disabled" under Title 35–2–12, U.C.A.1953. Under that section he must have been in a physical condition that "reduced (his) earning capacity." The undisputed

---

1. Defendant, United Park City Mines, successor to Silver King Coalition.

2. Title 35–2–56(b), Utah Code Annotated 1953. (Two years)

facts indicate that he worked for many years without any reduction in earning capacity,—at the same job requirements, putting in the same time, at the same salary. The statute and the recited facts should take care of any argument anent "partial disability," as it relates to the workmen's compensation legislation,—whether Taylor knew he had silicosis, athlete's foot or dandruff, years before.

■ 2. Taylor was not "permanently totally disabled" on the date of his last exposure to dust on February 8, 1962, else one myopically would have to conclude that after working 12 hours that day, during which he shoveled 1½ tons of coal over a 5½-foot siding into a hopper, swept dust from floors and was subjected to other dust exposures, was totally and permanently disabled. It is significant that he was laid off, not because of his exhaustion, prostration or debility, but for some other reason. This writer would have become permanently and totally disabled about lunch time with such a work routine, but not he.

■ 3. Under Title 35–2–12, U.C.A. 1953, on or before February 8, 1962, it was necessary that Taylor be so incapacitated that he could not perform "any work for remuneration or profit," before the one year permanent disability limitations statute[3] would become operative. On February 8, 1962, he was working for remuneration at the going rate, on a 12-hour shift that would not even be attractive to an unattractive baby-sitter. As Taylor's brief points out, it is disability that counts, not symptoms, so far as the limitations statute is concerned. A pregnancy hardly could inoculate the health and accident man from a provision in the policy having to do with guaranteeing the cost of confinement.

■ The only remaining question is: Who pays the claim? Under Title 35–2–14, U.C.A. 1953, "the only employer liable shall be the employer in whose employment the employee was last exposed to harmful quantities of * * * (SiO2) dust during a period of thirty days or more * * *." The Commission found that Taylor's employer, the mine company, was compensable-wise on evidence that could not warrant a conclusion that the Commission acted capriciously. The statute obviously has to do with "employer" status, not "insurance carrier status." If, under the facts, an employer is stuck with compensability requirements, its insurance carrier is as deeply mired. That is this case. The carrier, on the risk cannot disespouse itself from its premium-paying relative by a divorce where the facts and legislation frown on such separation.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.

---

3. Title 35–2–48, U.C.A. 1953.