William N. RINGEISEN, Appellant,

v.

INSULATION SERVICES, INC., et al., Respondents.

No. 37147.

Missouri Court of Appeals, St. Louis District, Division One.

June 15, 1976.

Application to Transfer Denied Sept. 13, 1976.

Graff & Lahey, Frank J. Lahey, Jr., St. Louis, for appellant.

Evans & Dixon, John R. Dixon, Luke, Cunliff, Wilson, Herr, Chavaux & McCluggage, Adrian DeYong, Jr., St. Louis, for respondents.

McMILLIAN, Judge.

Appellant, William N. Ringeisen, appeals from a judgment of the Circuit Court of the City of St. Louis, Missouri, which affirmed an award of the Labor and Industrial Relations Commission denying him benefits as respondent's employee. We affirm the judgment of the circuit court.

Appellant is a 62-year old male who has worked approximately twenty-eight (28) years as a construction worker, primarily as a cement finisher. In September, 1970, he was hired in St. Louis through the Asbestos Workers of America as a pipe-coverer. His employment was with Insulation Services, Inc. (Insulation Services) and lasted for a total period of nine (9) days. Appellant

was hired through the Asbestos Workers Union Hall again in November of 1970. His employer during this period was Owens Corning Fiber Glass Corporation (Owens Corning). Mr. Ringeisen worked for Owens Corning for a total period of approximately twenty-six (26) days. Both of these employments were terminated by lay-off. During both of these periods of employment, appellant worked with dry and wet asbestos and was exposed to asbestos dust. During January of 1972 appellant suffered from a respiratory ailment and was confined to St. Louis County Hospital for approximately three weeks. In June, 1972, appellant returned to work for two days but was unable to work further. He was confined to St. Joseph's Hospital in July, 1972, where his condition was diagnosed as asbestosis. Appellant has not returned to work since that time.

Mr. Ringeisen filed a claim for compensation under the Workmen's Compensation Law on December 6, 1972, seeking compensation for injury due to occupational disease. Appellant named Insulation Services, Inc., and Owens Corning Fiber Glass Corporation as the employers liable for his condition. Owens Corning and their insurer, Aetna Casualty Insurance Company, answered the claim for compensation and participated in a hearing before a referee of the Division of Workmen's Compensation. Insulation Services neither answered the claim nor participated in the hearing.

During the hearing, appellant testified that he had not been an asbestos worker at any time other than during his employment by Insulation Services and Owens Corning. His physician's deposition was admitted into evidence and stated that Mr. Ringeisen was suffering from asbestosis and that in the doctor's opinion this condition was a result of inhaling asbestos fiber while an asbestos worker in 1970. On April 9, 1974, the referee made an award of compensation in the amount of $23,007.73, finding the employers jointly liable for appellant's permanent and total disability. Owens Corning and Aetna filed an application for review, only on their behalf, pursuant to § 287.480, RSMo 1969. No application for review was filed within the 20-day limit of § 287.480 on behalf of Insulation Services but the Labor and Industrial Relations Commission later granted Insulation Services leave to enter an appearance. Insulation Services participated in the review process of the commission as well as the appeal to the circuit court and the present appeal to this court.

In reviewing the award of the referee the commission found that he had no authority to make an award against either employer in the case. The difference in the conclusions reached by the referee and the commission stems from their differing interpretations of the effect of sub-sections 287.-063(4) and (5), RSMo 1969, of the Workmen's Compensation legislation which became effective on August 29, 1959. These two sub-sections set forth the criteria for determining exposure and liability in cases of occupational diseases:

"4. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists.

"5. The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure, except in cases of silicosis, asbestosis, loss of hearing due to industrial noise, and radiation disability, in which cases the only employer liable shall be the last employer in whose employment the employee was exposed during a period of ninety days or more to the hazard of such occupational disease, and, in such cases, an exposure during a period of less than ninety days after the effective date of this section shall be held not to be a last exposure."

The commission concluded that sub-section (5) allows recovery only against the employer in whose employment the employ-

ee was last exposed and that in this case neither employer met the statutory definition of "last employer" due to the brief period of time appellant worked for each employer. The statute was held to require an employment period of ninety (90) days before an employer could be liable for one of the specifically enumerated occupational diseases. The commission felt that its lack of power to make an award against either employer was a jurisdictional defect, making the award of the referee a nullity and open to either direct or collateral attack at any time. The Commission therefore held that Insulation Services was not bound by the referee's award from which they had not made a timely appeal.

There is no disagreement between the parties as to the fact of appellant's suffering an injury by occupational disease arising out of and in the course of his employment. Nor do the employers contend that they elected not to come under the provisions of the Workmen's Compensation legislation concerning occupational disease. The two issues which appellant raises on his appeal are that: the circuit court erred in affirming the finding of the commission that § 287.063(5) does not provide for a compensation award against either employer in this case; and that the circuit court erred in affirming the findings of the commission that the referee was without jurisdiction to make an award against either employer, thereby rendering the award against Insulation Services void despite its failure to appear at the initial hearing or to make a timely application for review of the referee's award as provided for in § 287.480, RSMo 1969. The issues presented are, therefore, questions of law and the findings of the commission are not binding upon this court on review. *Williams v. S. N. Long Warehouse Co.*, 426 S.W.2d 725, 733 (Mo. App.1968) and § 287.490, RSMo 1969.

Turning to appellant's first issue, we find no cases in this state which have construed the time limit aspects of sub-sections (4) and (5) of § 287.063. As noted earlier, appellant was not employed by either em-

ployer for a period of ninety (90) days. Sub-section (4) provides that any employment, no matter how short, in an occupation in which the hazard of occupational disease exists, shall be deemed to be an exposure to the hazard of occupational disease. It would seem clear that appellant, under sub-section (4), was exposed to the hazard of asbestosis while working for both Insulation Services and Owens Corning.

Sub-section (5) goes on to specify which employer shall be held liable for a worker injury due to occupational disease. In its first sentence this sub-section specifies that the *last employer in whose employment a worker was exposed to a hazard of occupational disease shall be the employer who is liable for the compensation.* Thus, sub-section (5) adopted the position which the courts of this state took prior to the enactment of § 287.063 in formulating the "rule of convenience." *White v. Scullin Steel Co.*, 435 S.W.2d 711 (Mo.App.1968); *King v. St. Louis Steel Casting Co.*, 353 Mo. 400, 182 S.W.2d 560 (1944). These cases, based on the statute in force prior to the adoption of § 287.063, held that any search for positive proof of causation among several employers in cases of occupational disease was a futile search. *White*, supra, at 715. The courts, therefore, settled on a "rule of convenience" which generally placed liability on the last employer.

When the legislature enacted § 287.063 they adopted this "rule of convenience" but they went beyond the rule by providing more explicit liability criteria in those cases involving silicosis, asbestosis, loss of hearing due to industrial noise, and radiation disability. In cases involving these diseases the legislature provided that the *only employer* liable would be the *last employer* with whom a worker was employed for a period of ninety (90) days and with whom the worker was exposed to the hazard of one of these occupational diseases. Any exposure during a period of employment of less than ninety (90) days is not to be deemed a last exposure and the employer is not to be held liable. Stated otherwise, this

sub-section provides that the only employer liable shall be the last and that an employer cannot be the last without having employed a worker for ninety (90) days and having exposed the worker to the hazard. If the employee has worked for the same employer for ninety days all that is necessary to bring him under the protection of the statute is that he have been exposed, for a period no matter how brief, to the hazard. Similar statutes have been construed in like manner in Illinois and Pennsylvania. *Morris Metal Products Co. v. Industrial Commission*, 370 Ill. 292, 18 N.E.2d 899 (1938) construing what is now Chapter 48, § 172.-36(d), R.S.Ill.1965; *Hogg v. Kehoe-Berge Coal Co.*, 174 Pa.Super. 388, 101 A.2d 168 (1953) construing what is now Title 77, § 1401(g) Pa. S.

■ Applying sub-section (5) of the Missouri statute to the facts of the present case, it is obvious that Owens Corning does not meet the description of a "last employer" for they did not employ appellant for a period of ninety (90) days. Nor can Insulation Services be considered as a last employer, for they too did not employ appellant for a period of ninety days.

The referee, who held both employers liable, felt that such a result was not desirable. In making the award to appellant he claimed "serious doubts that the legislature intended to deprive a claimant in an O.D. (occupational disease) case of his remedy unless he had worked at least 60 (sic) days for an employer." The referee than went on to hold both employers liable, reasoning that the claimant was suffering from an injury which could only have been incurred while he was in the employment of one of the employers. The referee based his award on what he felt was the intent of the legislature rather than on any section of the statute. While we agree that the effect of our reading of sub-section (5) is to deny any coverage to a worker claiming injury due to asbestosis who has not worked for at least one employer for at least ninety days during which time there was an exposure to the hazard, we also find that to be the clear

meaning of the statute. The problem posed by the short employment history in this case is one which may require further consideration by the legislature. We therefore affirm the judgment of the circuit court as to appellant's first issue on appeal.

Appellant's second issue concerns the effect of the commission's determination that it was without jurisdiction to make an award against either employer. Appellant contends that despite the reading which the commission gave to sub-section (5) the award of the referee had become final as to Insulation Services and was no longer open to attack. The statutory provision relied on by appellant is § 287.480 which provides that an application for review must be filed within 20 days of a referee's award. This time limit has been held to be jurisdictional, having the effect of prohibiting the commission from considering untimely applications. *Luketich v. Krey*, 413 S.W.2d 29, 31 (Mo.App.1967); *Tabb v. McGinley*, 313 S.W.2d 745, 748 (Mo.App.1958). The commission took the position that the award of the referee was void on its face and open to attack at any time. *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d 14 (Mo.App.1964).

■ The concept of jurisdiction includes jurisdiction over the subject matter, over the person and also jurisdiction, or power, to act in certain ways, i. e., to make certain awards. *State ex rel. Mo. Pac. R. Co. v. Moss*, 531 S.W.2d 82, 84 (Mo.App.1975). The jurisdictional defect which the commission found in the present case was that the referee was without the power to make an award against either employer as they were not "last employers" under sub-section (5) of the statute.

■ The powers of the commission and therefore of the referee, are a creation of the legislature and its jurisdiction is to be determined from the acts of the legislature. *Hogue v. Wurdack*, 298 S.W.2d 492, 497 (Mo.App.1957); *Soars v. Soars-Lovelace, Inc.*, 346 Mo. 710, 142 S.W.2d 866, 871 (1940). However, the provisions of the Workmen's Compensation statute are to be

liberally construed with a view to the public welfare, § 287.800, RSMo 1969, so that where a question of jurisdiction is in doubt, it should be held to be in favor of the commission. *Hughes v. Maryland Cas. Co.*, 229 Mo.App. 472, 76 S.W.2d 1101, 1105 (1934).

The problem for this court's determination is whether the award of the referee was an act so beyond his jurisdiction that it is void on its face; therefore open to attack or whether the award was the result of a mistake of law and therefore final due to Insulation Services' failure to appear or make a timely application for review. To state that the act of the referee was one or the other is to make the conclusion which will be decisive in this case—the labels being conclusions rather than reasons. In reviewing the cases in Missouri which have made this type of determination we find little help in the way of standards to follow or factors to be considered in making this determination. The policy reasons for each view are strong. There is a strong preference in the law to avoid relitigation of issues, this policy is embodied in the doctrine of res judicata and estoppel. On the other hand, there is no place in the law for a policy which would enforce judgments made by tribunals acting without proper jurisdiction.

The general rule is that "[A] judgment is void if it was not rendered by a court with competency to render it." The Restatement of Judgments, § 10, Comment (a.) (1942), provides: " . . . If, however, the court has jurisdiction over the parties and decides that it has competency to render the judgment, the parties may be precluded from collaterally attacking the judgment, on the ground that the question of the competency of the court is res judicata between them." To aid in making this determination of whether to allow a collateral attack, the Restatement offers the following:

"(2) Among the factors appropriate to be considered in determining that collateral attack should be permitted are that

(a) the lack of jurisdiction over the subject matter was clear; (also applies to lack of competency)

(b) the determination as to jurisdiction depended upon a question of law rather than of fact;

(c) the court was one of limited and not of general jurisdiction;

(d) the question of jurisdiction was not actually litigated;

(e) the policy against the court's acting beyond its jurisdiction is strong." (§ 10, Restatement of Judgments, 1942)

Professor Davis offers these suggestions: "Whether or not an administrative determination of jurisdiction should be res judicata is a question which cannot be simply answered, except to say that the answer is sometimes yes and sometimes no. The problem cannot be solved through the kind of narrow logic some courts have brought to it; the logical notion that action in excess of jurisdiction must always be void is just as unsatisfactory as the logical notion that every tribunal has jurisdiction to determine its own jurisdiction and that a question once litigated should not be relitigated. The solution must take the form not of a rule but of a catalog of the kind of factors that should guide discretion. Some of the most vital of such factors are: whether the question is one which the agency is especially well equipped to handle or whether it is one on which the court or the second agency is better qualified, whether or not the legislative scheme vests in the agency the primary or the exclusive responsibility for deciding such questions, whether the agency has carefully considered the question or has considered it hastily or obliquely or not at all, whether the parties have had full opportunity in fact as well as in theory to present their evidence and their argument or whether they were in the first proceeding insufficiently aware of the jurisdictional question, whether the jurisdictional question admits of reasonable answer either way or whether the agency clearly exceeded its jurisdiction, whether the facts or conditions on which jurisdiction depends are static or shifting, whether the equities

of the whole case favor one result or another, and whether reliance upon the earlier decision should equitably estop one of the parties from challenging that decision." § 18.07, Davis, Administrative Law Treatise.

 Applying these standards to the action of the referee we find that: the lack of jurisdiction to make the award was clear from the statute; that the referee, deriving power from the legislature, has limited rather than general jurisdiction; that the determination of jurisdiction was a question of law rather than fact; that the conditions upon which jurisdiction depends are static rather than shifting and therefore better decided by this court; that the reasons given by the referee for making an award of compensation which had no basis in the statute do not indicate a complete consideration of the matter; and that the legislature has given this court the power to review such questions rather than vesting exclusive power in the commission.

Therefore, we hold that the referee's actions which were beyond the jurisdiction of the commission were void and open to attack at any time; that the commission acted properly in overturning the award even though Insulation Services failed to make a timely application for review; and that the judgment of the circuit court affirming the decision of the commission is affirmed.

WEIER, P. J., and RENDLEN, J., concur.