**Richard D. BUNKER, Plaintiff-Appellant,**

v.

**NATIONAL GYPSUM CO.,
Defendant-Appellee.**

**No. 3–779A193.**

Court of Appeals of Indiana,
Third District.

July 15, 1980.

Ronald L. Sowers, M. Robert Benson, Sowers & Benson, Fort Wayne, for plaintiff-appellant.

Jim A. O'Neal, James L. Petersen, Ice, Miller, Donadio & Ryan, Indianapolis, for defendant-appellee.

GARRARD, Presiding Judge.

Appellant Richard D. Bunker was an employee of appellee National Gypsum Company from 1949 to 1966. National Gypsum manufactures items containing asbestos fibers. Bunker, from February 1949 to November 1950, was required to work in an area of intense and continuous exposure to asbestos dust and as a result thereof, Bunker has developed a disabling lung disease, asbestosis. He brought this civil action against National Gypsum alleging gross negligence in the failure to provide safe working conditions.

The complaint was dismissed for failure to state a claim upon which relief could be granted on the basis that Bunker's rights and remedies are governed exclusively by the provisions of the Indiana Occupational Disease Act, IC 1971, 22–3–7–1 et seq. (Burns Code Ed.). Judgment was subsequently entered in favor of National Gypsum.

The issue before this court[1] is which version of the act is applicable; the act as it existed in 1950, the time of Bunker's last exposure to asbestos dust, or the act as it existed at the time of his disablement.

If the 1950 version of the act is applied, the act would not be Bunker's exclusive remedy because the act at that time provided that it was only applicable to those who had affirmatively accepted it. There was no evidence presented that National Gypsum had accepted the act.

The 1963 amendment provided that an employee is required to accept compensation for disablement by occupational disease arising out of and in the course of his employment unless he has exempted himself from the provisions of the act.[2] Unless

---

1. Bunker also challenges the constitutionality of IC 22–3–7–9, the statute of limitations provision of the act, on the grounds that it denies him equal protection of the law. We decline to reach this issue as it is not properly before this court. The trial court found that Bunker's exclusive remedy was provided by the act. It did not hold that he had no right to recovery under the act because his claim was barred by IC 22–3–7–9. It is not necessary to consider the constitutionality of this provision in order to determine the merits of the action; therefore,

we will not do so. See 5 I.L.E. Constitutional Law § 34.

2. IC 22–3–7–2 reads in pertinent part as follows:

"From and after the first day of April, 1963, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act [22–3–7–1— 22–3–7–38], respectively, to pay and accept compensation for disablement or death by occupational disease arising out of and in the

the employee has exempted himself from the act, it provides the exclusive rights and remedies on account of disablement or death by occupational disease. IC 22–3–7–6.[3]

■ The act has at all times granted compensation on account of *disablement* or *death.* The mere exposure or contraction of an occupational disease does not entitle the employee to compensation. *Durham Mfg. Co. v. Hutchins* (1945), 115 Ind.App. 479, 58 N.E.2d 444; *Hirst v. Chevrolet, Muncie Div. of General Motors Corp.* (1941), 110 Ind.App. 22, 33 N.E.2d 773. No employee has a remedy under the act unless or until the occupational disease causes death or disablement.

■ In *Hibler v. Globe American Corporation* (1958), 128 Ind.App. 156, 147 N.E.2d 19, it was held that a cause of action under the act accrues and becomes vested at the time of disablement and/or death. The terms and conditions supplied by the Act in existence at that time are the terms and conditions which control and which the employee would be required to rely upon.

In *Hirst v. Chevrolet, Muncie Div. of General Motors Corp.* (1941), 110 Ind.App. 22, 27, 33 N.E.2d 773, 775, the court considered the argument that since the employee had contracted the occupational disease prior to the effective date of the act, her claim was not covered:

> "The appellee also contends that the appellant in this cause does not come within the purview of the Workmen's Occupational Disease Act (Acts 1937, ch. 69, p. 334), and that the Industrial Board has no jurisdiction thereof because the disease from which appellant is suffering

> course of the employment, and shall be bound thereby, unless he is hereby authorized so to do and shall have given prior to any disablement or death from occupational disease, notice to the contrary in the manner herein provided. . . ."

**3.** IC 22–3–7–6:

was contracted prior to the effective date of the act.

\*   \*   \*   \*   \*   \*

> "The act provides for compensation for disabilities from occupational diseases and not for contracting such diseases. The term 'disablement' is defined in the act as follows: 'The term 'disablement' means the event of becoming disabled from earning full wages at the work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment and 'disability' means the state of being so incapacitated.' Subsection (d) of Section 5.

> 'There is a difference between having a disease and being disabled thereby.' *Central Pattern & Foundry Co. v. Industrial Commission et al.*, 374 Ill. 300, 29 N.E.2d 511, 514. Since the act provides for compensation for disablement and since the appellant did not become disabled within the meaning of the act until almost a year after, the effective date thereof, he clearly comes within the purview of the act and the Industrial Board has jurisdiction of this cause."

Thus, the provisions of the act as they existed in 1950, the date of Bunker's last exposure to the asbestos, are not applicable.

■ Inasmuch as Bunker became disabled after the effective date of the 1963 amendment, he is bound by the provisions thereof. Since neither he nor National Gypsum has exempted themselves from the provisions of the act, the act is Bunker's exclusive remedy and an action at law for negligence against National Gypsum will not lie.

> "The rights and remedies herein granted to an employee subject to this act [22–3–7–1—22–3–7–38] on account of disablement or death by occupational disease arising out of and in the course of the employment shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such disablement or death."

The trial court did not err in dismissing the complaint for failure to state a claim for which relief could be granted.

Affirmed.

HOFFMAN and STATON, JJ., concur.