**Clarence BOLLMANN, Plaintiff-Respondent,**

v.

**CERTAIN–TEED PRODUCTS CORP. and Aetna Casualty & Surety Co., Defendants-Appellants,**

and

**Travelers Insurance Company, Defendant-Respondent.**

No. 45023.

Missouri Court of Appeals, Eastern District, Division One.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied June 30, 1983.

**614**

Robert Herr, St. Louis, for defendants-appellants.

John Dixon, St. Louis, Robert Officer, Clayton, for respondent.

STEWART, Presiding Judge.

This is an appeal from a judgment of the circuit court affirming the final award of the Labor and Industrial Commission (Commission) in a worker's compensation case. Clarence Bollmann, (employee) filed a claim against Certain-Teed Products Corp. (employer). The claim also named Aetna Casualty and Surety Company (Aetna) and Travelers Insurance Company (Travelers) as insurers of employer's liability. The Commission found that employee was totally and permanently disabled and made an award of compensation against employer and against Aetna as the insurer of the employer. The circuit court affirmed the award of the Commission. In this appeal Aetna contends that Travelers rather than Aetna covered the liability of employer with respect to this claim.

There is no dispute as to the facts essential to our determination of this cause. Employee worked for employer, a manufacturer of asbestos cement products, from 1941 until September 10, 1976. Employee contracted asbestosis as a result of prolonged exposure to asbestos dust while in the employ of employer. Although employee had been suffering from asbestosis for a good number of years, he first noticed shortness of breath in June of 1976. His symptoms became more severe through the summer. He left work on Friday, September 10, 1976; he was hospitalized on the following Monday. He was unable to work thereafter.

The parties do not question the fact that the employee is entitled to the award of the Commission. The sole issue is whether Aetna or Travelers covered the risk giving rise to employee's claim.

Prior to June 30, 1976, Travelers insured employer under a standard workmens' compensation policy. On July 1, 1976, Aetna assumed the risk under a standard workmens' compensation policy. Employee worked during the period from July 1 to September 10 except for a vacation from July 12 to August 2, 1976.

Aetna primarily contends that the statutory provision with respect to asbestosis cases which exempts the last employer from liability when the employee was exposed to the hazard of occupational disease for less

than ninety days, should also apply to the last insurer because of other statutory provisions that provide that the employer and the insurer are in effect legally identical.

The statutory provisions are § 287.063.2, RSMo 1978, reading as follows:

"The employer liable for the compensation in this section provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure, except in cases of silicosis, asbestosis, loss of hearing due to industrial noise and radiation disability, in which cases the only employer liable shall be the last employer in whose employment the employee was exposed during a period of ninety days or more to the hazard of such occupational disease, and, in such cases, an exposure during a period of less than ninety days after August 13, 1974 shall be held not to be a last exposure."

and § 287.030.2 which states that "[a]ny reference to the employer shall also include his insurer."

The issue here is a question of law which we must determine without deference to any tribunal that has previously ruled upon this case to this time. *Brotherton v. International Shoe Company,* 360 S.W.2d 108, 111 (Mo.App.1962).

The "Rule of convenience"[1] codified in § 287.063.2 contemplates the situation where an employee has been exposed to the hazards of occupational disease while employed by more than one employer. It provides that the last employer who has exposed the employee to the hazard of occupational disease shall be liable for the payment of compensation. The latter portion of paragraph 2 of § 287.063 makes an exception in the case of asbestosis and certain other conditions. In such cases the "only employer liable shall be the last employer in whose employment the employee was exposed during a period of ninety days or more to the hazard of" the occupational disease contracted by the employee.

The ingenious argument pressed by Aetna has not been addressed in this jurisdiction and it has not been specifically addressed in other jurisdictions. The only case that might be somewhat persuasive is *State Insurance Fund v. Industrial Commission,* 16 Utah 2d 269, 399 P.2d 208 (Utah 1965). The statute provided that the only employer liable shall be the last employer in whose employment the employee was last exposed to harmful quantities of the "[hazardous material] . . . during a period of thirty days or more." UCA 1953 35–2–14. The court held that the statute regulated employer status and not insurance carrier status. As a result the carrier whose coverage was effective at the time the employer became liable covered the loss.

The employer in the case at bar had been the employer for about 35 years. It was the only employer who exposed employee to the hazard of asbestosis. The employer's liability is set and the employer became liable under the Workers' Compensation Act on September 10, 1976, the date that employee became disabled.

The basic issue in this case is who was the employer's insurer at the time the loss occurred.

The insurance carrier does not have a contractual relationship with the employee. It does not employ and it does not expose the employee to the hazard giving rise to the claim. It contracts with the employer to insure against the risks of the employer for which the employer becomes liable during the term of the contract of insurance.

The policy of insurance issued by Aetna to the employer became effective on July 1, 1976. It provides:

"This policy applies only to injury (1) by accident occurring during the policy period, or (2) by disease caused or aggravated by exposure of which the last day of the last exposure in the employment of the insured, to conditions causing the disease occurs during the policy period."

Aetna's contract with the employer clearly establishes its liability.

1. See *King v. St. Louis Steel Casting Co.,* 353 Mo. 400, 182 S.W.2d 560 (Mo.1944).

Aetna would contend that the statute being part of the policy circumvents this policy provision; and that insurer should be synonymous with employer under the exception within § 287.063.2.

The purpose of the statute under discussion is to determine who among multiple employers is liable for an occupational disease. It does not change the date upon which the condition becomes compensable; it has no reference to insurance carrier status.

To substitute the word insurer for the word employer in § 287.063.2 demonstrates the incongruity of such a reading.

"[I]n cases of . . . asbestosis . . . the only [insurer] liable shall be the last [insurer] in whose employment the employee was exposed during a period of ninety days or more to the hazard of such occupational disease . . . ."

We do not believe that the legislature intended that an insurer on a risk for less than ninety days should be relieved of liability. To so hold could very well lead to a situation in which an employer could be left without insurance coverage contrary to the strong intent of the statute that the liability of the employer be covered by insurance. § 287.280, RSMo Supp.1982.

It could well be that an employer could be a last employer and have two insurance carriers within a period of time where neither of them would be on the risk for ninety days within that period. Under such circumstances, the employer would have no insurance coverage for a claim made by the employee who suffered disability because of exposure to the hazard of occupational disease. See Ringeisen v. Insulation Services, Inc., 539 S.W.2d 621 (Mo.App.1976) where the employee contracted asbestosis after exposure to the hazard while working for two employers. He had not worked for either employer for ninety days or more. This court held that neither employer was liable.

Logic and equity require us to hold that the exception in § 287.063.2 does not require that the last insurer should be the insurer of the employer for a period of at least ninety days before its coverage is effective with respect to a compensable claim for asbestosis or other conditions enumerated in the exceptions within § 287.-063.2. Rather, the legislature intended that the insurer providing coverage at the time of the employee's injury should indemnify the employer, regardless of when the carrier assumed the risk.

Such a holding does not conflict with § 287.030.2. Reference to the employer in this case also includes its insurer who at the time of the loss was Aetna.

The judgment of the trial court is affirmed.

STEPHAN and CRANDALL, JJ., concur.