(No. 25338.—

THE LIBERTY FOUNDRIES COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EMILIO REALI, Plaintiff in Error.)

*Opinion filed February 21, 1940.*

MILLER & THOMAS, (CHARLES A. THOMAS, of counsel,) for plaintiff in error.

C. H. LINSCOTT, for defendant in error.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Emilio Reali, plaintiff in error, claimed compensation under the Workmen's Occupational Diseases act, approved March 16, 1936, (Laws 1935-36, 3rd Sp. Sess. p. 40,) for disablement alleged to have been caused by silicosis contracted while in the employ of the Liberty Foundries Company, defendant in error. The arbitrator found Reali was wholly and permanently disabled and allowed compensation as provided for such disability in paragraph (f) of sec-

tion 8, and the commission sustained the award. The circuit court of Winnebago county, in a *certiorari* proceeding, having set it aside, leave to sue out a writ of error was granted and the case is here for further review. The alleged errors argued here are that the court erred in holding the Workmen's Occupational Diseases act unconstitutional, and that, even if the act is constitutional, the evidence does not establish a liability.

The constitutional objections are directed against section 25. It provides that an employee shall conclusively be deemed to have been exposed to the hazards of an occupational disease when, for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists. It further provides that the employer liable to pay compensation is the one in whose employment the employee was last exposed to the hazards of the disease for which compensation is claimed, regardless of the length of time of such exposure. There is a proviso as to silicosis and asbestosis, that in those cases the only employer liable is the last employer, in whose employment the employee was last exposed to the hazards, during a period of sixty days or more after the effective date of the act. If the exposure occurred within a period of less than sixty days after the effective date of the act, it should not be deemed a last exposure.

The defendant in error was engaged in foundry work. Reali entered its employment October 28, 1936, and was assigned to work in the grinding room where, by the use of emery wheels, the rough surfaces were removed from castings. He worked at night, beginning at 7:00 P.M., and it is undisputed he spent two hours each night operating an emery wheel. The remainder of the time was spent in cleaning sand from castings and doing other work in the grinding room. Each emery wheel was partially enclosed with a cover connected to suction fans by means of a tube. A question of fact was raised as to the duration of the

employment. Reali claimed he was employed from October 28, 1936, to December 29, 1936; defendant in error claims his services terminated December 24, 1936. This factual question will be discussed later. For three years prior to Reali's employment by defendant in error, he had been employed in the same kind of work by another company.

Defendant in error contends that section 25 establishes a liability upon the last employer, which liability is based solely upon the fact of exposure to the hazards of the disease, and that the statute declares such exposure shall be conclusively deemed to exist whenever it appears the employee has, during his employment, been exposed to the hazards of the disease for which he seeks compensation. It is claimed this is a legislative encroachment upon the powers of the judiciary and violates article 3 of the State constitution. It was also urged the provisions of the section, which deem the fact of exposure conclusively established, precluded the employer from introducing evidence to show the employee's disease had its origin when serving a prior employer and it, therefore, violates the due process clauses of the State and Federal constitutions.

Article 3 of the constitution of 1870 divides the powers of government into three departments, executive, legislative and judicial, and provides that no person, or collection of persons, being one of these departments shall exercise any power properly belonging to either of the others, except as therein directed or permitted. Under that division the legislature cannot direct the judiciary how cases shall be decided, (*Rockhold* v. *Canton Masonic Mutual Benevolent Society,* 129 Ill. 440; *In re Day,* 181 id. 73;) nor does it possess the power to declare what weight the court shall give to certain evidence, (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90,) nor declare what shall be conclusive evidence of a fact in issue. *Carolene Products Co.* v. *McLaughlin,* 365 Ill. 62; *People* v. *Rose,* 207 id. 352.

Every presumption, and every reasonable doubt, is resolved in favor of the validity of the statute, (*People* v. *Brady,* 262 Ill. 578; *People* v. *Nelson,* 133 id. 565;) and the court must, if possible, give a statute such construction as will render all its provisions effective. The intent of the legislature in enacting the statute must be determined, and when considering such question all the provisions of the act must be considered as a whole and read together. *People* v. *Ryan,* 371 Ill. 597.

Section 25 must be read in connection with section 6 of the act. The latter section defines an occupational disease as one arising out of and in the course of employment, and provides it shall be deemed to have arisen out of the employment when it is apparent to the rational mind, upon a consideration of all the circumstances, it has a direct *casual* connection between the conditions under which the work was performed and the disease. Also, that it must appear from such circumstances the disease followed as a natural incident of the work, and that the proximate cause of the disease was fairly traceable to the employment. The disease need not to have been foreseen nor expected, but if it is contracted, it must appear to have had its origin in a risk connected with the employment and to have flown from that employment as a rational consequence.

Both parties overlooked the fact that section 6 as originally enacted in 1936, (Laws of 1935-36, 3rd Sp. Sess. p. 40,) is applicable to the instant case and not as it read after amendment by the legislature in 1937. (Laws of 1937, p. 563.) That part of the section which read, "only if there is apparent to the rational mind, upon consideration of all the circumstances, a direct *casual* connection between the conditions under which the work is performed" etc., was amended so as to substitute "causal" for "casual." It is evident the amendment corrected a clerical mistake and it does not impinge upon the case because we hold the evidence for Reali established a "causal" connection.

The main fact at issue in an action under this act is one of liability. If section 25 provided that liability to pay was dependent only upon whether there was an exposure of the employee to the hazards of the disease, and that exposure was to be conclusively presumed if certain other facts existed, there would be no question but what the act would be a legislative encroachment upon the powers of the court. Section 25, when read with section 6, will not bear such construction. The provision in section 25 which declares the circumstances under which an exposure to the hazards of the disease shall be deemed conclusive of the fact of exposure, does not establish a conclusive presumption of a fact upon which liability to pay compensation rests. An employee, in the course of his employment, may come in contact with conditions which are deemed to be hazards of the disease for which he seeks compensation, and, under section 25, the exposure to such hazards is conclusively presumed. Such presumption, however, does not establish liability, nor does it excuse the employee from proving the elements necessary to show the occupational disease is traceable to the hazards of the employment as is required by section 6. An occupational disease is caused from exposure to hazards of the employment in which the employee is engaged. To raise a right to compensation for such a disease there must have been a preceding exposure to the conditions that caused the disease; but it does not follow that liability to pay compensation follows every exposure. An employee may be exposed to hazards in his employment that cause an occupational disease and yet not contract it. The statute declares exposure is conclusively presumed if the employee is exposed for any period of time however short. An employee might be exposed in his employment to the hazards of the disease and the evidence might show it was impossible for the disease, for which he was seeking compensation, to have had its origin in or to have been proximately caused by the employment, wherein exposure

had been conclusively presumed. The liability, in that event, would not exist notwithstanding the conclusive presumption created by the statute. The question presented to the court when reviewing the record in such a case, is one of liability to pay compensation. The fact that exposure has been conclusively presumed under section 25 is of no consequence, if the right to compensation has been established under section 6. Under the latter section the evidence must show the employee has contracted a disease which is fairly traceable to the hazards of the employment with the employer from whom the compensation is claimed, and that such hazards are fairly traceable as the proximate cause of the disease. Such proof necessarily includes the fact of exposure of the employee to the hazards of the employment and, on the question of the sufficiency of the proof under section 6, the court may exercise its judicial functions, and is in no way controlled by the conclusive presumption of exposure declared under section 25. The employer has the right to introduce evidence to negative the case made by the employee under section 6. Section 25 does not violate article 3 of the constitution.

The answer to the argument that the compensation provisions of the act violate the due process clauses embodied in section 2 of article 2 of the State constitution and the fourteenth amendment of the Federal constitution is found in the elective features of the act. Section 2 thereof provides that all actions for occupational disease shall be prosecuted under section 3 or in accordance with the sections which provide for compensation. Section 3 provides for a trial by jury and an action at law for damages; section 4 directs that if any employer elects to come under the compensation provision of the act his liability shall be to pay compensation as therein provided. When the employer and the employee elect to come within the provisions of the compensation sections, such sections become a part of the contract of employment and, as between the parties, are

enforcible as such. (*Deibeikis* v. *Link Belt Co.* 261 Ill. 454.) The rights guaranteed by the due process clause of the State constitution are waived by defendant in error electing to come within the compensation provisions of the law. (*Deibeikis* v. *Link Belt Co. supra; Casparis Stone Co.* v. *Industrial Board,* 278 Ill. 77.) The same rule has been adopted by the Supreme Court of the United States in *Booth Fisheries* v. *Industrial Com.* 271 U. S. 207, 70 L. ed. 908.

Defendant in error argues that even though the act is constitutional, the evidence does not show Reali was employed by defendant in error the period of time required to establish a liability under section 25 of the act, nor does it show the disease was proximately caused by any hazards to which he was exposed in his employment with defendant in error.

Upon the question of the period of employment, the evidence shows that Reali began work October 28, 1936, and worked continuously until December 24, 1936. He stated that on the morning of December 24 his foreman told him not to return until December 28. The evidence introduced by defendant in error is that on the morning of December 24 the foreman told Reali that Christmas holidays were coming and that there was no more work for him. It is undisputed that on December 26 Reali was given an X-ray examination by defendant in error's doctor, and on the evening of December 28 a representative of defendant in error called at Reali's home and told him not to go to work that evening but to appear at the office the following morning. Reali went to the office as directed and was told that he did not pass the examination and there was no more work for him. The commission was correct in finding the period of employment was for more than sixty days after the effective date of the act, October 1, 1936.

The final contention of defendant in error is that the evidence did not show Reali contracted the disease from

exposure to the hazards arising out of his employment with defendant in error. The only evidence as to the duration of Reali's diseased condition was found in the testimony of Dr. Lang. He testified that on April 7, 1938, he made X-ray pictures of Reali's chest and the pictures showed the lungs to have many nodules or small areas of scarred tissue. It was his opinion that such conditions developed from inhaling silica; on cross-examination, he said it would take approximately one and one-half years for such condition to develop after the exposure. According to the evidence, Reali was employed at similar work for three years prior to entering the employment of defendant in error, but there is no evidence as to the conditions under which such service was rendered or that the hazards which cause silicosis were present in such employment. The evidence is undisputed that Reali was not exposed to the hazards that caused the disease at any time after he ceased to be employed by defendant in error in December, 1936. From such record, the commission could well find that the silicosis with which Reali was affected had its origin in the employment with defendant in error.

It is not within the province of the court to substitute its judgment for that of the commission unless the court can say that the findings of the commission are clearly and manifestly against the weight of the evidence. (*Allen Son & Co.* v. *Industrial Com.* 349 Ill. 71; *Czerny* v. *Industrial Com.* 369 id. 275.) In this case there is evidence which supports the finding of the commission and none in conflict therewith.

The judgment of the circuit court of Winnebago county setting aside the award of the Industrial Commission is reversed, and the award of the Industrial Commission is confirmed.

*Judgment reversed;*
*Award of Industrial Commission confirmed.*