(No. 28046.—

PALMER HOUSE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLES R. MILLER, Defendant in Error.)

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

James J. McKenna, and B. S. Quigley, both of Chicago, for plaintiff in error.

Augustine J. Bowe, William J. Bowe, and John D. Casey, (Walter F. Dodd, of counsel,) all of Chicago, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

The question involved in this case concerns the liability of plaintiff in error to pay to defendant in error, Charles R. Miller, compensation under the Occupational Diseases Act. Miller, a painter for 45 years, entered the employ of plaintiff in error on May 6, 1942, working twenty-two days. Later he worked from July 3, 1942, to July 31, 1942, when he was laid off because of lack of work, and told to return early in December. He was working at what was known as one-half-scale wages through a dispensation allowed by his union. Plaintiff in error paid him $34.50 per week. He had, in the January previous to his employment by plaintiff in error, consulted a physician who testified on the hearing that he was then suffering from plumbism or lead poisoning. There is no doubt

that this disease was contracted through his handling of paint. He was treated by one physician from January, 1942, until November, 1942, and then was treated by another. Both physicians testified. It was their opinion that Miller was, in January, 1942, and also in November of that year, suffering from plumbism or lead poisoning. He did not return to work with plaintiff in error in December or at any time, but on March 11, 1943, filed with the Industrial Commission, under the Occupational Diseases Act, an application for compensation from plaintiff in error as his last employer.

In December, 1942, by the time he was expected to return to work for plaintiff in error, he was disabled by reason of lead poisoning. An award was recommended by the arbitrator, sustained by the commission, and confirmed by the circuit court.

The only issue in the case is whether plaintiff in error, as Miller's "last employer," is liable to pay compensation. It is conceded that no evidence was offered to show whether this last employment had any causal connection with Miller's later disablement or exaggerated the condition he was in when first employed by plaintiff in error, other than the fact that he was exposed to lead poisoning. There is no evidence in the record that such exposure had anything to do with his later disablement. The question, therefore, is whether plaintiff in error is liable to pay compensation under the Occupational Diseases Act simply because it was the last employer. The determination of that question depends upon the construction of sections 6 and 25 of the Occupational Diseases Act. As we have said, the facts are not in dispute. No question of the weight of the evidence is presented. The question presented is one of law, reviewable by this court. (*Kensington Steel Corp.* v. *Industrial Com.* 385 Ill. 504; *Lickhalter* v. *Industrial Com.* 383 Ill. 527; *Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195.) There being no evidence in the record that

Miller's disablement was caused or aggravated by his employment with plaintiff in error, or evidence establishing any causal connection between his disability and the condition of his last employment, the answer to the query here must be found in the sections of the Occupational Diseases Act referred to.

Section 6 (Ill. Rev. Stat. 1943, chap. 48, par. 172.6,) provides as follows: "A disease shall be deemed to arise out of the employment, only if there is apparent to the rational mind upon consideration of all the circumstances, a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment as the proximate cause, and which does not come from a hazard to which workmen would have been equally exposed outside of the employment. The disease must be incidental to the character of the business and not independent of the relation of employer and employee. The disease need not to have been foreseen or expected but after its contraction it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

Section 25 of the act (Ill. Rev. Stat. 1943, chap. 48, par. 172.25,) provides that an employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease (other than silicosis and asbestosis) when, for any length of time, however short, he is employed in an occupation or profession in which the hazard of the disease exists. This section also provides that the employer liable for compensation shall be the last employer, in whose employment the employee was last exposed to the hazard of the occupational disease, regardless of the length of time of such exposure.

These sections of the statute have been previously before this court. In *Liberty Foundries Co.* v. *Industrial Com.* 373 Ill. 146, section 25 was attacked as contravening the third article of our State constitution requiring separation of powers, it being contended that section 25, when it declared what should be conclusively presumed to constitute an exposure, was an invasion of the province of the judiciary. It was there held, however, that section 25, when read with section 6 could not be said to be open to such constitutional objection. It was pointed out that if section 25 provided that liability to pay was dependent solely upon whether there was an exposure of the employee to the hazard of the disease, such would be a violation of the constitutional article, but when read with section 6 it shows that it is not open to such objection. It was held that the presumption of exposure does not establish liability nor does it excuse the employee from proving the elements necessary to show the occupational disease traceable to hazards of his employment, as required by section 6. It was there also pointed out that an employee may be exposed to hazards in his employment that may cause an occupational disease and yet not contract it; that the conclusive presumption of exposure does not mean a conclusive presumption of liability of the last employer. This was the pivotal question in that case. It was there held that under section 6 the evidence must show the employee has contracted a disease, the inception or aggravation of which is fairly traceable to the hazards of the employment with the employer from whom the compensation is claimed.

While under section 25 the employer liable for compensation shall be the last employer in whose employment the employee was last exposed to the hazard of the disease, this does not obviate the requirements of section 6 that there be a showing of some causal connection between the disease or its exaggeration and the employment with

the employer sought to be charged. To hold that the last employer must at all events be liable for compensation in cases of occupational disease, regardless of when the disease was contracted or whether there was any evidence of causal connection beween the last employment and the disability from the occupational disease or an exaggeration of it, would be to open the act to the charge of invalidity.

This court again in *Ferguson & Lange Foundries, Inc.* v. *Industrial Com.* 380 Ill. 185, affirmed the construction of the act given in *Liberty Foundries Co.* v. *Industrial Com.* hereinbefore referred to. Counsel for defendant in error, however, say that these cases are wrongly decided, and rely in support of that contention on certain language by this court in *Morris Metal Products Co.* v. *Industrial Com.* 370 Ill. 292, and *Central Pattern and Foundry Co.* v. *Industrial Com.* 374 Ill. 300. In the former of these cases the only question presented and decided was whether the provisions of section 25 of the act require an exposure of sixty separate working days to justify recovery. In the *Central Pattern and Foundry Co. case,* two questions, and only two, were presented and passed upon. The first, the constitutionality of section 25, as to which this court, citing *Liberty Foundries Co.* v. *Industrial Com.* 373 Ill. 146, held the act valid. The second question was a question of fact whether the employee was in employment with his last employer, against whom he filed claim for compensation, sixty days after the effective date of the act. Judicial decisions are to be construed with reference to the facts of the particular case decided and limited to the points of law raised on the record necessary to the determination of the case. (*Fels* v. *Arends,* 328 Ill. 38; *Ward* v. *Caverly,* 276 Ill. 416.) These cases do not aid in the solution of the problem before us. The rule announced in the *Liberty Foundries case* and restated in the *Ferguson & Lange Foundries case* is that liability to pay compensation does not follow every exposure. "An employee may

be exposed to hazards in his employment that cause an occupational disease and yet not contract it. The statute declares exposure is conclusively presumed if the employee is exposed for any period of time however short. An employee might be exposed in his employment to the hazards of the disease and the evidence might show it was impossible for the disease, for which he was seeking compensation, to have had its origin in or to have been proximately caused by the employment, wherein exposure had been conclusively presumed. * * * The question presented to the court when reviewing the record in such a case, is one of liability to pay compensation. The fact that exposure has been conclusively presumed under section 25 is of no consequence, if the right to compensation has been established under section 6. Under the latter section the evidence must show the employee has contracted a disease which is fairly traceable to the hazards of the employment with the employer from whom the compensation is claimed, and that such hazards are fairly traceable as the proximate cause of the disease."

In the case before us, the record shows that Miller was suffering from plumbism or lead poisoning as early as January, 1942. He was able to work and was granted a dispensation from his union on account of his condition, permitting him to work for less than the union scale of wages. Throughout his employment by plaintiff in error he was paid on this basis. No disablement or change in his condition was shown while in the employ of plaintiff in error. He was not discharged on account of disability but laid off on account of lack of work and told to return, which he expected to do.

There is no evidence that Miller's employment induced or contributed to an exaggeration of plumbism or lead poisoning. To hold that there was, on this record, would be to hold that the mere fact of exposure would amount to conclusive proof of contracting the disease or exaggera-

tion of it. To so hold would be to render the act invalid as encroaching upon the judicial department of government.

We reaffirm our holding in the *Liberty Foundries* and *Ferguson & Lange cases*. It necessarily follows that the finding of the commission and the judgment of the circuit court were erroneous and the defendant in error has not shown himself entitled to compensation from plaintiff in error. The judgment of the circuit court is reversed and the award set aside.

*Judgment reversed; award set aside.*