(No. 37759.—

THE PEOPLE *ex rel.* Daniel P. Ward, State's Attorney, Petitioner, *vs.* LESLIE E. SALTER, Judge, Respondent.

*Opinion filed September 27, 1963.*

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for petitioner.

JOSEPH I. BULGER, of Chicago, for respondent.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is a petition for an original writ of *mandamus* filed on relation of Daniel P. Ward, the State's Attorney of Cook County, praying for a writ ordering the Honorable Leslie E. Salter, judge of the criminal court of Cook County, to expunge an order, entered after a plea of guilty to a truck overweight violation, assessing a fine of $500 against one Carmine Munziato. The petition further seeks a writ directing respondent to enter an order assessing a fine of $2,200. We have previously granted leave to file the petition.

The sole issue in this case is the authority of a trial judge to assess a fine less than the statutory schedule for violations of the truck overweight statute. Ill. Rev. Stat., 1961, chap. 95½, par. 229a.

Carmine Munziato was charged in an indictment with operating a truck on the public highways with a gross weight of 22,000 pounds in excess of the statutory maximum. He first obtained an order quashing the indictment on the ground that the statute was unconstitutional. Upon appeal we held the statute was constitutional, and reversed and remanded the case for further proceedings. *People* v. *Munziato*, 24 Ill.2d 432.

Upon remand the defendant Munziato entered a plea of guilty after being admonished that the statutory penalty for .overweight in excess of 5,000 pounds is ten cents a pound or a total of $2,200 for 22,000 pounds overweight. After the plea of guilty, the respondent fined Munziato the sum of $500.

The applicable statute reads in part as follows: "* * * any person, firm or corporation convicted of any other violation of Section 131 of this Act shall be fined in an amount equal to two cents per pound for each pound of excess weight when the excess is 1,000 pounds but less than 2,001 pounds; four cents * * * when the excess exceeds 2,000 pounds * * *; six cents * * * when the excess exceeds 3,000 * * *; eight cents * * * when the excess exceeds 4,000 pounds * * * and ten cents per pound for each pound of excess weight when the excess exceeds 5,000 pounds." Ill. Rev. Stat. 1961, chap. 95½, par. 229a.

The petitioner insists that the statutory fine is mandatory and that upon a plea of guilty the trial court had no jurisdiction beyond the performance of the ministerial duty of assessing the fine required by the statute. He therefore contends that the action of the trial court in assessing a lesser fine was void and the respondent ought be directed to enter an order upon the plea of guilty assessing the fine as set forth in the statute.

The respondent, however, contends that the schedule of fines is merely directory and that the trial court was vested with discretion in assessing the amount of the fine.

We agree that the word "shall" does not have an exclusive, fixed or inviolate connotation, but has been construed as both mandatory and directory depending upon the legislative intention. *Cooper* v. *Hinrichs,* 10 Ill.2d 269, 272.

In examining the present statute it is apparent that the legislature established a comprehensive schedule of fines

with increasing severity, thereby tending to weigh the seriousness of the violation and to adjust the punishment accordingly. We held in *People* v. *Munziato,* 24 Ill.2d 432, 437, that the nature, character and extent of penalties are matters almost wholly legislative, and that the courts have jurisdiction to interfere with such legislation only where the penalty shocks the conscience of reasonable men. In many provisions of the Criminal Code and also of the Motor Vehicle Act the legislature has set forth maximum and minimum penalties, thereby giving to the trial court a discretion in assessing a penalty. On the present subject, however, the legislature has seen fit to provide for an inflexible schedule of fines to be assessed upon a determination of guilt. In so doing they have clearly eliminated the discretion ordinarily vested in a trial court to determine a penalty within a statutory minimum and maximum. If the legislature had intended to provide for discretion in the trial court in regard to the amount of fine, consistency would have required them to provide minimum and maximum fines. This they did not do. We, therefore, believe that it was the intention of the legislature to provide for a fixed and inflexible schedule of fines for truck overweight violations which must be applied upon a finding of guilt.

We find that the statute is mandatory and that the trial court, upon a determination of guilt, had no discretion or authority beyond assessing a fine according to the statute. The order of the trial court assessing a fine of less than that provided by statute was beyond the authority of the trial court.

An original writ of *mandamus* will lie to direct a lower court to expunge from its records a void order entered by it without jurisdiction. (*People ex rel. Town Court of Cicero* v. *Harrington,* 21 Ill.2d 224; *People ex rel. Prince* v. *Graber,* 397 Ill. 522; *People ex rel. Swanson* v. *Williams,* 352 Ill. 227.) Such a writ may also direct a lower court to perform acts which are ministerial and involve no exer-

cise of discretion or judgment. *People ex rel. Norwegian-American Hospital, Inc.* v. *Sandusky,* 21 Ill.2d 296; *People ex rel. Dolan* v. *Dusher,* 411 Ill. 535; *National Fire Ins. Co. of Hartford* v. *Municipal Court of Chicago,* 28 Ill. App.2d 401.

The record shows a violation of the overweight statute of 22,000 pounds which when placed in the statutory formula requires a fine of $2,200. The petition for writ of *mandamus* is granted and the respondent is hereby directed to expunge the order assessing a fine of $500 entered in the criminal court of Cook County, case No. 60-2871, and to enter an order fining the defendant, Carmine Munziato, $2,200.

*Writ awarded.*