**People of the State of Illinois, Plaintiff-Appellee, v. Ronald H. Thompson, Defendant-Appellant.**

Gen. No. M–10,830.

Fourth District.

December 6, 1967.

Robert C. Walbaum, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield (Richard A. Hollis, First Assistant State's Attorney, of counsel), for appellee.

TRAPP, J.

Defendant appeals from a Magistrate's order entered May 27, 1966, assessing a fine in the sum of $559 and costs, and from the Magistrate's order entered August 5, 1966, denying defendant's motion to strike the order assessing such fine.

On February 9, 1966, defendant, through his attorney, had pleaded guilty to a charge of operating a truck with an overweight axle. The statutory fine for such excess weight of 5,590 pounds was $559. On the date of the plea, the record shows the following:

"Defendant this day fined $55.90 and costs of $5.00."

Defendant's brief states that such fine was paid, but that fact cannot be ascertained from the record.

The record shows an order on April 28th:

"It is ordered that Bench Warrant issue,"

and an order on May 27, 1966:

"Defendant is fined $559.00 and costs of $5.00, nunc pro tunc as of February 9, 1966."

██ The judgment entered on February 9, 1966, assessing a fine in the sum of $55.90 is void. In People ex rel. Ward v. Salter, 28 Ill2d 612, 192 NE2d 882, the supreme court held that an order of the trial court assessing a fine under the provisions of c 95½, § 229a (Ill Rev Stats 1965) in less than the statutory amount was a void order for the reason that the trial court had no exercise of discretion or judgment in fixing the fine, and that such court was without jurisdiction to fix a fine in a sum less than the statutory amount. The Supreme Court granted mandamus, directing the trial court to expunge its order assessing a fine in an amount less than the statutory amount, and directed such court to enter an order fixing the fine in an amount provided by statute.

██ A void judgment may be vacated at any time. People v. Weinstein, 298 Ill 264, 131 NE 631; Calbreath v. Beckwith, 260 Ill App 7; People v. Drysch, 311 Ill 342, 143 NE 100. See also 15 Illinois Law and Practice, Criminal Law, § 823, and 16 Corpus Juris, pages 1315 and 1326. A void judgment may be set aside upon a motion of a party or upon the court's own motion.

██ The order of May 27, 1966, fixed a fine in an amount determined by, and required under, the statute. The descriptive phrase:

". . . nunc pro tunc as of February 9, 1966"

was not necessary to the entering or making of a valid order of fine assessed, and may, therefore, be considered as surplusage.

In this court, defendant urges that there was no notice to defendant of the order of May 27th. It is argued by the plaintiff-appellee that the defendant did, in fact, have notice that the court proposed to enter such order as-

sessing the statutory fine. The record only shows an order for issuing a Bench Warrant a month prior to the order now appealed. It is clear, however, that the defendant did appear generally, requesting continuances, filing written motions and presenting written briefs to the magistrate at the time of argument of the issues before him. We find nothing to suggest that the defendant was prevented from presenting any and all matters relevant to the issue in the trial court, and that he does not show any prejudice upon the issue of absence of notice.

The judgment of the Magistrate's Division is affirmed.

CRAVEN, P. J. and SMITH, J., concur.