**People of the State of Illinois, Plaintiff-Appellee, v. John R. Lockenvitz, Defendant-Appellant.**

Gen. No. 11,163.

Fourth District.

April 28, 1970.

Thomson, Thomson & Mirza, of Bloomington (John Naylor, of counsel), for appellant.

Paul R. Welch, State's Attorney of McLean County, of Bloomington (James M. Carr, of counsel), for appellee.

CRAVEN, P. J., delivered the opinion of the court. This is an appeal from a conviction, after a bench trial, of an overweight violation and assessment of a fine against the defendant in the sum of $3,542 and costs.

The essential facts are not in dispute. Indeed, the parties have followed the commendable practice of stipulating to the facts so far as they are relevant to this proceeding. The defendant was driving a truck with a rockcrushing machine towed behind it. This unit, in the combination referred to, was a "vehicle" for purposes of this case and was overweight by 35,420 pounds as to allowable limits set by section 228(b) of chapter 95½, Ill Rev Stats 1967.

This section of the statute declares it to be a violation whenever a vehicle in excess of the weights therein specified is operated "upon the highways" of this state. In this case the vehicle was operated "across" State Route 66. At no time did the defendant operate the vehicle on a state highway in any direction other than directly across the highway. The penalty for a violation of section 228(b), on the basis of the overweight here, is specified by statute at the rate of ten cents per pound. The imposition of the statutory penalty is required in the event of a finding of guilty. People v. Thompson, 89 Ill App2d 297, 231 NE2d 605 (4th Dist 1967). Section 221 of chapter 95½, Ill Rev Stats 1967, prohibits driving an overweight or oversize vehicle "on, upon or across" any highway. No specific penalty is recited in connection with this section. Thus, section 234 of chapter 95½, Ill Rev Stats 1967, would be applicable. That section calls for a penalty of not less than $10, nor more than $100, or imprisonment for not more than ten days, for a violation "of any provision of this Act for which another penalty is not provided."

The appellant urges that driving "across" the highway is not prohibited by section 228(a) but only by section 221(a) and that, accordingly, the general and lesser, rather than the specifically scaled and greater penalty, should have been imposed. He urges that familiar rules of statutory construction compel this result. We are told that "upon" is not the same as

215

"across." Further, the appellant suggests that when the Legislature meant to say "across" it did so with clarity and precision, i. e., "on, upon or across." We are then asked to conclude, under these rules of construction, that the mere crossing here involved is not upon but across, and therefore the lesser penalty was the only appropriate remedy. We cannot agree.

At the point of the crossing, as the vehicle was driven across Route 66, if it was not upon the highway, then where was it? In New York, L. & W. Ry. Co. v. Roll, 32 Misc 321, 66 NYS 748, 752, the court posed the same question and concluded that "No description of its whereabouts at that particular point is better than to say it is '. . . upon' the street where it crosses. It is sufficient, and it is true. It is not necessary that the railroad should pass along the surface of the street in order to be . . . upon it."

■ The prohibited operation of a vehicle "upon" includes "across" for the simple reason that you cannot get across without being upon, assuming the surface of the highway to have been used. See In re Syracuse & South Bay Ry. Co., 33 Misc 510, 68 NYS 881; Merrill v. Chicago, North Shore & M. R. Co., 171 Wis 464, 177 NW 613.

■ It is true that such a conclusion leaves section 221(a) which prohibits vehicles of a size and weight exceeding the limitation specified from being operated on, upon or across with little for the "across" part to prohibit. Rules of statutory construction, however, are meant to be aids useful in ascertaining legislative intent. They are not meant to be barriers that obscure the intent or prohibit its realization. One such rule of statutory construction that a statute should be construed to give meaning to each word and phrase may be offended by our conclusion. Nonetheless, we are not prepared to say that the Legislature, by expressly prohibiting the crossing of highways in certain instances

216

and in using specific prohibitive expression in others did not intend the phrase "operate upon" to apply to driving across.

In Northern Illinois Coal Corp. v. Langmeyer, 342 Ill App 406, 96 NE2d 820 (4th Dist 1951), the court did reach such a conclusion. There, however, the coal company trucks that were involved were operated across a township road from property of the coal company to other property of the coal company. The company owned the fee to the township road over which the public had an easement or right-of-way for public travel. The trucks that were operated across the road exceeded the weight limits applicable to the road, and the statutory language prohibited such operation "upon" and the court held that this did not apply to the crossings.

The conclusion of the court there, however, at least in some measure, seems to have been predicated upon the fact that the public easement was "for purposes of travel" and the use there involved was so regulated by the decree of the lower court as not to "constitute an unlawful encroachment or obstruction upon the road and does not interfere with the easement of the public." We thus view this case as different on the facts and prefer to distinguish it from Langmeyer. However, insofar as the court there concluded that "upon" didn't mean "across," we are not in agreement.

The action of the Circuit Court of McLean County in imposing the specific penalty was correct and that action is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.