137 Ill. App.3d 42 (1985)
484 N.E.2d 361
In re C.T., A Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
C.T., Respondent-Appellant).
No. 5-84-0236.
Illinois Appellate Court  Fifth District.
Opinion filed August 23, 1985.
Rehearing denied September 12, 1985.
Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.
Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Garry W. Bryan, all of State's Attorneys Appellate Service Commission, of counsel), for the People.
Affirmed in part, and reversed in part and remanded.
*43 JUSTICE KASSERMAN delivered the opinion of the court:
C.T., the respondent, was charged with theft under $300 by petition filed under the Juvenile Court Act. He was adjudicated delinquent on that charge and was subsequently sentenced to a five-year term of probation conditioned upon his serving the first eight months in the Department of Corrections, Juvenile Division. On appeal, respondent contends (1) that he was not proved guilty beyond a reasonable doubt and (2) that he was improperly ordered to serve eight months in the Department of Corrections, Juvenile Division, as a condition of juvenile probation.
Turning to respondent's first contention, we note that respondent was charged with the offense of theft under $300 for stealing a public aid check. Prior to the adjudicatory hearing, counsel for respondent filed a motion to suppress any statements made by the respondent, as well as any evidence gathered as a result. The evidence at the suppression hearing revealed that respondent, after being confronted with the theft of Yvonda Johnson's public aid check, led police to a trash container where the check was recovered. Following the hearing, the court suppressed the check itself and the respondent's statements to the police, based upon the trial court's determination that the arresting officer failed to properly admonish the respondent as to his Miranda rights.
At the adjudicatory hearing, Yvonda Johnson testified that on February 13, 1984, she had someone check her mailbox for her public aid check which she was expecting that day. The check was not in her mailbox, however, the check was delivered to her later that day. Dennis Greg Miller testified that on that same date, he encountered the respondent, who stopped him and asked if he wanted to make some money by cashing a check belonging to "Johnson." Miller declined to help the respondent and told his landlord who called the police. The respondent was ultimately found guilty.
 1 Respondent contends that the evidence against him was insufficient to prove his guilt beyond a reasonable doubt. In reviewing the record, however, we note that respondent admitted that he was guilty of the offense charged at the dispositional hearing. At the dispositional hearing, the trial court inquired whether respondent could offer some reason why he should not be committed to the Department of Corrections, Juvenile Division. The minor responded: "Well, when I did this crime I was on drugs." Accordingly, we find that the respondent is precluded on appeal from complaining about the sufficiency of the evidence against him.
The decision of the court in People v. Green (1959), 17 Ill.2d 35, *44 160 N.E.2d 814, is dispositive of this issue. In that case, at sentencing, the defendant related certain facts concerning the robbery for which he had been charged and convicted. He also acknowledged that he was guilty of the offense. The supreme court held that, in doing so, the defendant was precluded from contesting the legal sufficiency of the evidence presented against him at trial, stating that since it was made in court, the statement amounted to a judicial confession. The court stated that it was immaterial that defendant was no longer testifying as a witness in his own behalf or that his statement was made after the court had indicated the sentence. The defendant confessed in open court that he committed the crime charged and "[s]uch confession adequately proved his guilt * * *." (17 Ill.2d 35, 42, 160 N.E.2d 814, 818.) The court further remarked that it was not necessary for it to address the alleged errors assigned by the defendant which challenged the sufficiency of the evidence to support the verdict and judgment. 17 Ill.2d 35, 42, 160 N.E.2d 814, 818.
For these same reasons, we find that the respondent in the case at bar was precluded from contesting the legal sufficiency of the evidence presented against him at the adjudicatory hearing in light of his admission of guilt of the offense charged at the dispositional hearing.
Defendant's second contention on appeal concerns the propriety of the trial court's dispositional order. At the dispositional hearing, the court reviewed the predispositional evaluation report reciting the respondent's previous encounters with the law as well as testimony from representatives of United Delinquency Intervention Services (UDIS) and the Educational Therapy Center (ETC) regarding placement alternatives to imprisonment. In considering its alternatives, the court imposed a five-year term of probation, conditioned upon the minor's first serving eight months in the Department of Corrections, Juvenile Division. Afterward, the minor was to be considered for UDIS and ETC residential placement, if available. According to the court, "I'm giving [the respondent] a short dunking in the cold and scary waters of the Department of Corrections in hopes that we don't have to spend 20 years washing him again." The court also found that placement with the Department of Corrections was necessary because the minor's parents were unable to care for, train and discipline him and because it was necessary to ensure the protection of the public from the minor's criminal activities. Respondent contends that the trial court lacked statutory authority to require a commitment to the Department of Corrections as a condition of his probation. We agree.
According to section 5-2(a) of the Juvenile Court Act (hereinafter Act) (Ill. Rev. Stat. 1983, ch. 37, par. 705-2(a)), the following dispositional *45 orders may be entered in cases such as the instant one: (1) probation or conditional discharge, (2) commitment to a Department of Corrections if permissible for adults convicted of the same offense for which the minor was adjudicated delinquent, or (3) placement in detention for up to 30 days, either as an exclusive disposition or in conjunction with any other authorized disposition under section 5-2. Sections 5-3(2)(a) through (q) of the Act (Ill. Rev. Stat., 1985 Supp., ch. 37, pars. 705-3(2)(a) through (2)(q)) delineates the permissible terms of probation. In addition to the standard conditions, such as obedience of the law, school attendance, treatment programs, prohibition of firearm possession, and public service work, subsection (q) requires that a minor placed on probation "comply with other conditions as may be ordered by the court." (Ill. Rev. Stat., 1985 Supp., ch. 37, par. 705-3(2)(q).) Section 5-10(1) of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 705-10(1)) authorizes commitment to the Department of Corrections if: (a) the minor's parents are unable to discipline him and the best interests of the minor and the public will not be served by placement under section 5-7 of the Act (Ill. Rev. Stat. 1983, ch. 37, par. 705-7) or (b) it is necessary to protect the public from the minor's criminal activities. Therefore, as we read the statute, a delinquent minor may be sentenced to probation with up to 30 days detention or committed to the Department of Corrections, Juvenile Division. We note that there are no provisions in the Juvenile Court Act similar to those found in sections 5-5-3(b) and 5-6-3(b)(1), (d) and (e) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005-5-3(b) and pars. 1005-6-3(b)(1), (d), and (e)), applicable to adult offenders and juveniles tried as adults pursuant to section 2-7 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 702-7). Section 5-5-3(b) of the Unified Code of Corrections allows a combination of a period of probation and a term of imprisonment subject to the limitations of section 5-6-3(d) which does not permit imprisonment in excess of six months or commitment to the Department of Corrections. Ill. Rev. Stat. 1983, ch. 38, pars. 1005-5-3(b), 1005-6-3(d).
The only juvenile provision which could seemingly be interpreted to permit the trial court's combination of probation and a term of imprisonment in the Department of Corrections is section 5-3(2)(q) of the Juvenile Court Act, which is a catch-all provision allowing for some improvisation on the part of the judge to effect the minor's rehabilitation. Although the trial court's disposition here might be commended as a rehabilitative tool, we conclude that in light of the less-severe methods of rehabilitation specifically enumerated in sections 5-3(2)(a) through (p) of the Act, the legislature did not authorize a *46 sentence established by the application of subsection (q) of 705-3(2) that it did not expressly provide for in section 5-2 of the Act.
 2, 3 In ascertaining the intent of the legislature, the entire statute must be considered, along with the evil to be remedied and the objective to be obtained. (See People v. Bratcher (1976), 63 Ill.2d 534, 543, 349 N.E.2d 31, 35.) In view of the rehabilitative purpose of the statute, we conclude that, in the absence of expressly so providing, the legislature did not intend to authorize the imprisonment provision formulated by the court in the case at bar. Accordingly, we find that probation and incarceration are alternate dispositions under section 5-2 of the Juvenile Court Act and therefore cannot be imposed in combination as the court did in the case at bar.
 4 For the reasons stated above, we find the trial court improperly sentenced respondent to a term of imprisonment in the Department of Corrections, Juvenile Division, as a condition of probation. We note that where a court imposes a sentence in excess of what the statute permits, the legal and authorized portion of the sentence is not void but the excess portion of the sentence is void. (In re T.E. (1981), 85 Ill.2d 326, 333, 423 N.E.2d 910, 913.) Furthermore, a void judgment may be vacated at any time. (People v. Thompson (1967), 89 Ill. App.2d 297, 299, 231 N.E.2d 605, 607.) Accordingly, the fact that the respondent did not object to the void sentence portion of the judgment when it was imposed does not support the State's claim of waiver on appeal.
We accordingly vacate that portion of respondent's disposition requiring him to serve eight months in the Department of Corrections and remand to the trial court for a new dispositional hearing, at which time the trial court may consider the appropriate disposition in light of this opinion.
Affirmed in part, reversed in part and remanded.
KARNS and HARRISON, JJ., concur.