THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
REGINALD WADE, Defendant-Appellant.

First District (2nd Division)   No. 84—1112

Opinion filed September 30, 1985.—Rehearing denied November 26, 1985.

Steven Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Joel Leighton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PERLIN delivered the opinion of the court:

After entering a plea of guilty to the offense of robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—1), defendant, Reginald Wade, was sentenced to 36 months' probation with 90 days' time considered served in the Department of Corrections. Eleven months later the trial court vacated his sentence over defense objection on the basis that it had not known of his prior conviction for rape which would have made him ineligible for probation. Defendant then withdrew his plea of guilty and was tried by a jury before the same trial judge who presided over the guilty plea proceeding. He was convicted and subsequently sentenced to an extended term of nine years' incarceration.

On appeal, he contends that the trial court was without jurisdiction to vacate his sentence of probation, or assuming that the trial judge had jurisdiction, he violated Supreme Court Rule 402(d) (87 Ill. 2d R. 402(d)) when he failed to recuse himself after withdrawal of the guilty plea. Defendant also claims that the sentence imposed was an

abuse of discretion, and that the trial court erroneously failed to credit him for time served on probation in imposing the nine-year sentence.

A summary of the evidence presented at the trial shows that on June 30, 1982, Diane Stampley exited the rear door of her residence located on the near west side of Chicago and proceeded into the yard. There she encountered defendant's brother, Sherman, and defendant who seized her arm, twisted it behind her back and told Sherman to take her watch. Sherman removed the watch from her wrist and struck her in the eye with his fist. Defendant then took two of the four chains Stampley wore around her neck. When Stampley screamed for help, defendant pushed her to the ground, and both assailants fled as her relatives emerged from their residence. Subsequently, defendant and Sherman were arrested and the watch was recovered.

■■ ■ Defendant first contends that the trial court lacked jurisdiction to vacate his sentence and retry him for the same offense 11 months after he was placed on probation. We disagree. The legislature has the authority to set the nature and extent of penalties, and courts will not interfere with such legislation unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable. (*People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 416 N.E.2d 254.) Courts also retain jurisdiction to set aside an order which was beyond their authority to enter. (See *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 192 N.E.2d 882.) In regard to the present case, defendant may not receive a term of probation where he has been convicted of a Class 2 or greater felony within 10 years prior to the offense for which he is being sentenced. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(G).) Rape is a Class X felony. Ill. Rev. Stat. 1983, ch. 38, par. 11—1(c).

■■ Our review of the record reveals that the State and defendant entered a stipulation that he had no prior felony convictions during the guilty plea proceedings to robbery. Thereafter, the trial court imposed a sentence of three years' probation with 90 days' time considered served. Approximately 11 months thereafter, the trial court was informed by a probation officer that defendant had been convicted of rape prior to the instant offense, which would have precluded a probationary disposition. The trial judge then recalled defendant, vacated the probationary sentence and tried him again for the robbery. We cannot conclude that the trial court's actions were improper. The probationary sentence was void because it did not comply with statutory requirements based on defendant's criminal record. (See *People ex rel.*

*Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 416 N.E.2d 254.) Thus, it was not erroneous for the trial court to set aside that sentence and allow defendant to withdraw the plea.

However, defendant maintains that, assuming that the trial court properly set aside the probationary sentence, it violated Supreme Court Rule 402(d)(2) (87 Ill. 2d R. 402(d)(2)) when it failed to recuse itself after accepting defendant's withdrawal of his plea of guilty. That rule provides that, if the trial court has indicated its concurrence in a plea agreement, but after the plea of guilty has been entered withdraws that concurrence, it shall so advise the parties, then call upon the defendant either to affirm or to withdraw his plea of guilty. If the plea is withdrawn, the court must recuse itself from further involvement. *People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641; *People v. Collins* (1981), 100 Ill. App. 3d 611, 426 N.E.2d 1274.

In the instant matter, after the trial court determined that the sentence of probation was void and would be vacated, it gave defendant the opportunity to withdraw his plea. When defendant elected to withdraw his plea of guilty, the court raised his bond and set the matter for trial without recusing itself from the case. In a quite similar setting, the appellate court in *People v. Cox* (1985), 130 Ill. App. 3d 1073, 474 N.E.2d 248, has held that Rule 402(d)(2) is inapplicable.

Next, defendant asserts that his nine-year sentence imposed for robbery must be reduced since the punishment imposed on his brother, who was a juvenile, was a station house adjustment, and the latter disposition was grossly disparate from his punishment, which is inconsistent with any notion of fundamental fairness. A trial court's decisions regarding sentencing are entitled to great deference, because the trial court is ordinarily in a better position to determine the punishment to be imposed. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Although fundamental fairness and respect for the law require that defendants similarly situated not receive grossly disparate sentences (*People v. Tate* (1984), 122 Ill. App. 3d 660, 462 N.E.2d 662), the mere fact that one defendant receives a substantially longer sentence than another does not, by itself, violate fundamental fairness. *People v. Kline* (1982), 92 Ill. 2d 490, 424 N.E.2d 154.

Our review of the record reveals that defendant had prior convictions for rape and armed robbery. No evidence was presented that his brother had a similar criminal history. Also, the evidence discloses that it was defendant who instructed his brother to take complainant's property, and it was defendant who initiated the violence against her. Under the circumstances, we cannot conclude that the

sentence imposed was an abuse of discretion.

Defendant also maintains that the trial court erroneously failed to credit him for time served on probation upon imposing the nine-year sentence. However, since we have affirmed the trial court's determination that the probationary sentence was void, we cannot conclude that defendant was entitled to time served on probation. See *People v. Judd* (1947), 396 Ill. 211, 71 N.E.2d 29.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P.J., and HARTMAN, J., concur.