(No. 62810.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. REGINALD WADE, Appellant.

*Opinion filed February 20, 1987.*

2

SIMON, J., specially concurring.

Steven Clark, Deputy Defender, and Julie B. Aimen, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Thomas V. Gainer, Jr., Peter D. Fischer and Mary T. Nicolau, Assistant State's Attorneys, of coun-

4

sel), for the People.

JUSTICE WARD delivered the opinion of the court:

The defendant, Reginald Wade, pleaded guilty to a charge of robbery (Ill. Rev. Stat. 1983, ch. 38, par. 18—1(a)) as part of a negotiated plea agreement in which the parties stipulated that the defendant had no prior convictions. Pursuant to that agreement, the defendant was sentenced to 90 days in the Cook County House of Corrections, with time considered served, and to 36 months' probation. Nine months later, the trial court was informed by a probation officer that the defendant had previously been convicted of armed robbery and rape, which had made him ineligible for probation under the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(F)). When the defendant was returned to court, the judge rejected his argument that the court had lost jurisdiction 30 days after entering the sentencing order. The trial court held the order granting probation void on the ground that Wade was not eligible for probation at the time of sentencing, because of his past convictions. After the court vacated the probation order, the defendant was allowed to withdraw his guilty plea and enter a plea of not guilty. Following a jury trial presided over by the judge who had imposed the sentence of probation, the defendant was found guilty of robbery and sentenced to a term of nine years. The appellate court affirmed Wade's conviction (137 Ill. App. 3d 878), and this court granted his petition for leave to appeal (103 Ill. 2d R. 315).

The defendant was convicted of armed robbery and rape in 1979 and sentenced to six years' imprisonment. His negotiated plea of guilty to the robbery charge concerned here was entered in 1982. He contends that the trial court did not have jurisdiction to vacate the judgment of probation, as Wade says it was a valid judgment

because it was based on the evidence presented at the time of sentencing. Accordingly, he argues that the trial court had the power to modify or vacate the judgment only within 30 days of its entry (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)). Wade says the court lost jurisdiction 30 days after imposing the original sentence, leaving the court without authority to vacate the sentence some 11 months later.

The State argues that the defendant was not eligible for probation on his guilty plea to the robbery charge, as section 5—5—3(c)(2)(F) of the Unified Code of Corrections provides that an offender shall not receive probation if he has been convicted of a Class 2 or a greater felony in the 10 years preceding the Class 2 or greater felony for which he is being sentenced (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(c)(2)(F)). Rape is a Class X felony (Ill. Rev. Stat. 1983, ch. 38, par. 11—1(c)), greater than Class 2. Wade's conviction of that crime had occurred less than four years before his plea of guilty to the robbery, a Class 2 offense (Ill. Rev. Stat. 1983, ch. 38, par. 18—1(b)). The State argues that, because the statute prohibits probation in this situation, the court could not sentence Wade to probation. Because the court lacked authority to impose probation, the State says the court's first sentencing order was void and could be set aside at any time. The trial court, the State concludes, retained jurisdiction over the defendant and subject matter to set aside the void sentence.

A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks "the inherent power to make or enter the particular order involved." (*R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309; *City of Chicago v. Fair Employment Practices Com.* (1975), 65 Ill. 2d 108, 112.) A void judgment may be attacked at any time, either directly or collaterally. *City of Chicago v. Fair*

*Employment Practices Com.* (1976), 65 Ill. 2d 108; *Illinois Coach Co. v. Commerce Com.* (1951), 408 Ill. 104; see also *In re C.T.* (1985), 137 Ill. App. 3d 42, 46.

The defendant, citing *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 873, contends that a sentence is void only if the record before the court furnished facts showing that the court acted without jurisdiction. He says that the record before the trial court at the initial sentencing hearing supported imposition of probation as there was no evidence presented of Wade's prior convictions. Based on the information available to the court at the first sentencing hearing, the defendant contends the granting of probation was proper. The argument is not valid. This court decided in *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 544, and *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615, that a trial court has an obligation to order the criminal penalties mandated by the legislature. (See also *People ex rel. Hanrahan v. Wilson* (1971), 48 Ill. 2d 30.) The legislature has authority to define crimes and establish the nature and extent of criminal penalties, and a court exceeds its authority if it orders a lesser sentence than is mandated by statute, unless "the [mandated] penalty shocks the conscience of reasonable men." (*People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615; see also *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 542.) A trial court, upon determination of guilt, has no authority to assess a fine or impose a sentence other than that provided by statute. *People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 38; *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 542; *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556; *People ex rel. Ward v. Salter* (1963), 28 Ill. 2d 612, 615; see also *In re C.T.* (1985), 137 Ill. App. 3d 42, 46.

Wade says, however, that *Bentivenga* and *Salter* support his argument that a sentence is void only if the evi-

dence before the court does not support the court's sentence. The defendant says that neither the sentence in *Bentivenga* nor the fine in *Salter* was authorized by statute, as appeared from the facts known to each court at the time of sentencing. The defendant seems to conclude that a judgment is not void unless the court knew that it was exceeding its authority when it entered the judgment. The defendant seriously misconstrues *Bentivenga* and *Salter*. Those decisions did not hold that knowledge of the trial court that it was exceeding its authority is prerequisite to a reviewing court's determination that the trial court's judgment was void.

Wade also contends that the trial court's vacature of the probation term improperly allowed the State a second opportunity to produce evidence against the defendant at the jury trial. The defendant says the State should have been precluded from reopening the case as it failed to investigate the defendant's background for the first sentencing hearing. This contention is not convincing. Both parties stipulated at the first sentencing that the defendant had no prior convictions, and there was no necessity of a formal sentencing hearing on a negotiated plea. *People v. Barto* (1976), 63 Ill. 2d 17, 22.

The defendant contends also that, under Supreme Court Rule 402(d)(2), the sentencing judge should have recused himself at the defendant's trial. The rule in part provides:

"(d) Plea Discussions and Agreements. ***
(1) ***
(2) *** If he [the trial judge] has indicated his concurrence or conditional concurrence [to a tentative plea agreement], he shall so state in open court at the time the agreement is stated ***. If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw

his plea of guilty. If the defendant thereupon withdraws his plea, the trial judge shall recuse himself." 87 Ill. 2d R. 402(d)(2).

Wade says that the trial judge violated the rule when he failed to recuse himself after vacating the original sentence of probation. He says the trial judge, by vacating the sentence imposed 11 months earlier, had effectively withdrawn his concurrence in the plea agreement. Wade says that, after he withdrew his guilty plea and pleaded not guilty, the judge had a mandatory duty under Rule 402(d)(2) to recuse himself. The appellate court, relying on *People v. Cox* (1985), 130 Ill. App. 3d 1073, rejected Wade's argument, holding that the rule was inapplicable as the judge withdrew his concurrence after sentence was imposed. *People v. Wade* (1985), 137 Ill. App. 3d 878, 881.

We consider that the appellate court properly held that Rule 402(d)(2) is inapplicable in light of the language of the rule and the committee comments. The comments state:

"[A judge's] concurrence or conditional concurrence is to be stated for the record when the plea is received, but if the judge later determines *before sentencing* that a more severe disposition is called for he must so advise the defendant and give him an opportunity to withdraw the plea." (Emphasis added.) 87 Ill. 2d R. 402, Committee Comments.

The comments make clear that Rule 402(d)(2) governs the procedures on accepting pleas of guilty, made pursuant to plea agreements, *before* sentencing. Too, Rule 402(d)(2) applies when a judge has concurred or conditionally concurred *in the terms of a plea agreement* and subsequently withdraws that concurrence. (*People v. Lambrechts* (1977), 69 Ill. 2d 544, 556.) The plea agreement to which the judge had previously agreed and under which he granted probation was based on a mistake

of fact, and the agreement was no longer effective after the probation term was vacated. (*People ex rel. Daley v. Suria* (1986), 112 Ill. 2d 26, 33; *People v. McCutcheon* (1977), 68 Ill. 2d 101, 106-07; *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 113-15; *In re C.T.* (1985), 137 Ill. App. 3d 42, 46.) The judge permitted Wade to plead not guilty after the probation term was vacated because it was clear there was no longer an agreement between the parties on the plea. With no plea agreement before the court, Rule 402(d)(2) did not apply, and the trial court properly presided over Wade's subsequent jury trial. Even if this analysis is not deemed to be controlling, the defendant's contention should not be given effect. The defendant made no motion for a substitution of judges. After the trial court vacated the probation judgment, the defendant could have sought a substitution of judges under section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—5(c)). That section provides that a defendant may move at any time for a substitution of judges for cause. (See *People v. Rynberk* (1980), 92 Ill. App. 3d 112, 117; *People v. Massarella* (1979), 80 Ill. App. 3d 552, 563). The State correctly states that Wade has waived this issue on appeal because he did not request a substitution of judges before trial and did not raise it in his post-trial motion as trial error. (*People v. Friesland* (1985), 109 Ill. 2d 369, 374; *People v. Walker* (1985), 109 Ill. 2d 484, 504; *People v. Adams* (1985), 109 Ill. 2d 102, 118; *People v. Reimolds* (1982), 92 Ill. 2d 101, 108.) The defendant was represented by counsel. It would be unreasonable to hold that the defendant, having willingly gone to trial without objection before the original judge and without complaint at the post-trial motion stage, can successfully argue on review that a different judge should have presided at his jury trial.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, specially concurring:

I can accept the majority's determination that because the defendant failed to request a different judge before trial the issue is waived. Having made this determination, the court's discussion of whether the defendant could have invoked Supreme Court Rule 402(d)(2) (87 Ill. 2d R. 402(d)(2)), which would require the judge to recuse himself, is unnecessary; since the issue has been waived, any conclusion the court might reach regarding the applicability of the rule would not affect the outcome of the case. (*Palmer House Co. v. Industrial Com.* (1944), 388 Ill. 542, 547). In any event, I do not agree with the conclusion the court did reach that the rule is inapplicable when the trial judge withdraws his consent from the plea agreement *after* rather than *before* sentencing. This interpretation of the rule is overly restrictive and it violates the due process clause of the Federal Constitution.

When a defendant agrees to a plea bargain, he trades his constitutional right to a trial for a bargained-for sentence. This decision requires a rational calculation of risks and benefits—the expected period of incarceration following a trial against the expected period of incarceration following a negotiated guilty plea. To make this calculation, the defendant must understand not only the elements of his offense, but also the rules of the game, including what he can expect if the court withdraws its consent to the plea agreement. See Comment, *Where Promises End: Prosecutorial Adherence to Sentence Recommendation Commitments in Plea Bargains*, 52 U. Chi. L. Rev. 751 (1985).

The Illinois Supreme Court drafted Rule 402 "to remove the aura of secrecy from plea agreements so that their details would be recorded and clearly understood." (*People v. Lambrechts* (1977), 69 Ill. 2d 544, 558.) This rule serves to outline what a defendant can expect once he agrees to a plea bargain. Section 402(d)(2) sets forth what is to occur when a trial judge withdraws his consent to a plea agreement. The rule provides that if "the trial judge later withdraws his concurrence *** he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. If the defendant thereupon withdraws his plea, the trial judge *shall* recuse himself." (Emphasis added.) (87 Ill. 2d R. 402(d)(2).) The use of the word "shall" here gives the defendant a protected interest that the right afforded by the rule—that the judge will recuse himself should he withdraw his consent to the plea bargain—will be respected. See, *e.g., Hewitt v. Helms* (1983), 459 U.S. 460, 74 L. Ed. 2d 675, 103 S. Ct. 864.

In the instant case, the judge agreed to the plea bargain and sentenced the defendant accordingly. He later voided the sentence and allowed the defendant to withdraw his guilty plea. Since the judge initially concurred in the plea and subsequently withdrew it when he voided the sentence, the rule should apply here.

The majority's conclusion that the committee comments limit the scope of the rule to situations where the judge withdraws his consent before sentencing is too narrow an interpretation of the rule to satisfy due process standards. The intent of a rule or statute is best determined from the plain meaning of its language. (*People v. Pettit* (1984), 101 Ill. 2d 309.) Nowhere in the text of Rule 402(d)(2) is there even a hint that it would not apply to the facts presented here. Had we intended to limit the rule to situations where consent is withdrawn prior to sentencing, we could have easily said so. While com-

mittee comments provide some indication of a rule's intent, they are hardly meant to serve as an exhaustive list of all the possible situations where the rule is properly applied.

In addition, the purpose behind the rule is an important consideration in ascertaining its intent. (*People v. Dednam* (1973), 55 Ill. 2d 565.) The reason the rule provides for recusal is clear—to insure that an impartial judge hears the defendant's case. The danger that a defendant may be prejudiced when the judge who withdrew his consent from the plea agreement hears the case exists whether consent is withdrawn before or after sentence is imposed: in both instances the same judge has heard evidence by way of the guilty plea and factors in aggravation or mitigation. If anything, the possibility of prejudice would be even greater in the situation presented here where the judge withdrew consent after he imposed the sentence. Having presided over the plea through the sentencing hearing, the probability that the judge has formed a more rigid impression and thus is less inclined to be impartial is greater. Further, the judge might be more likely to be prejudiced against the defendant since the defendant, by requesting a trial, has demonstrated his dissatisfaction with both the sentence the judge has already imposed and the judgment the judge has issued.

In sum, Rule 402(d)(2) protects the defendant when he enters a plea. Disregarding a defendant's rights and expectations once he agrees to a plea, or interpreting them narrowly, encroaches upon the defendant's protected interest and violates due process. (See *Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 93 S. Ct. 495.) For these reasons, I disagree with the majority's decision on this issue.